AMALGAMATED ASS'N OF STREET, ELECTRIC RAILWAY & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION NO. 1127, et al. v. SOUTHERN BUS LINES, Inc. (two cases).

Nos. 12504, 12505.

United States Court of Appeals Fifth Circuit.

Feb. 24, 1949.

---

[2] See footnote 1, supra.

L. Barrett Jones, of Jackson, for appellants.

Grove Stafford, of Alexandria, La., J. Morgan Stevens, of Jackson, Miss., and Karl H. Mueller, of Fort Worth, Tex., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

These actions, brought by a labor union as a collective bargaining agency, joined by one employee, against Southern Bus Lines, Inc., as employer, are founded on the same collective contract but seek different relief. Both were dismissed for lack of venue in the district court for the Southern District of Mississippi, and because that court, if a proper venue, was forum non conveniens. The two appeals taken present the same questions.

The union is unincorporated, but has its headquarters at Shreveport, Louisiana. The employee plaintiff is an officer of the union and resides in the Southern District of Mississippi. The Southern Bus Lines is a corporation of Louisiana with its principal office at Alexandria, Louisiana, where all its records are and its officers reside, and where the collective bargaining was made. Its business of running busses is done and the collective bargain applies throughout several States, including Mississippi. In order to do business in Mississippi it has appointed an agent in that State to receive service of process in any suit. Federal jurisdiction is rested on the contention that the controversy arises out of the laws of the United States about collective bargains between employer and employees in interstate commerce. In one action it is claimed that the employer refused to arbitrate a difference as provided by the collective contract and the employees struck to force arbitration; and the relief sought is damages for loss of wages during the strike. In the other action the relief sought is a mandatory injunction to compel arbitration. We are not here concerned with the proper construction of the collective contract, or the appropriateness of either relief, which are questions not reached in the district court; but we consider only whether there is venue in the Southern District of Mississippi; and if so whether the forum is so inconvenient as to justify dismissal.

These actions were filed and dismissed before the revision of Title 28 of the United States Code Annotated took effect. In Section 1391(c) thereof it is provided: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." These plaintiffs could today dismiss their appeal and bring their actions in the Southern District of Mississippi under this section. But the section is not retroactive, and does not affect the merits of the cause, and we feel bound to review the dismissal under the law as it stood when the actions were filed. That former law, as expounded in Neirbo Co. v. Bethlehem Steel Shipbuilding Corp., 308 U. S. 165, 60 S.Ct. 153, 84 L.Ed 167, 128 A.L.R. 1437, gave venue as against this corporation in the Southern

District of Mississippi, for it had, in order to do business in that State, complied with a statute which required it to appoint an agent in the State "upon whom service of process may be had in the event of any suit against said corporation."[1] The agent resided in the Southern District of Mississippi, if that fact is of importance. It is immaterial that the case is not one in which federal jurisdiction rests solely on diversity of citizenship. The basis of the Neirbo decision is that the appointing of the agent under such a statute is a consent by the corporation to be sued in the State which waives the right to be sued only in the district of which it is an inhabitant, irrespective of the basis of federal jurisdiction. The present cases arise in part out of the business which the Bus Lines sought to do in Mississippi.

 As to forum non conveniens most recently discussed in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, we again must differ with the district court. The forum chosen in Mississippi is not seriously distant from that across the river in Louisiana, there is no prospect of numerous witnesses to be called from Louisiana at great inconvenience or expense to the Bus Company, and the law of Louisiana is not that to be applied. These cases indeed are very likely to go off on questions of law. Dismissal for inconvenience is not to be visited except when the choice of forum is a real hardship, or an imposition on the court. But here again we meet the Revision of Title 28, for Section 1404 providing for a change of venue is: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This section applies to pending cases, and these actions might have been brought in the Western District of Louisiana where the principal office of the Bus Lines is. Transfer is a less drastic matter than dismissal, for it involves no loss of time or pleading or costs; and no doubt a broader discretion may be exercised in ordering it. The dismissal on the ground of

inconvenience must also be reversed, but without prejudice to a consideration of a change of venue.

The judgments appealed from are set aside and the causes remanded for further proceedings not inconsistent with this opinion.

---

[1] Code of Mississippi, Sect. 5319.