### ALL STATES FREIGHT, Inc. v. MODARELLI.

#### No. 10666.

United States Court of Appeals
Third Circuit.

Argued April 21, 1952.

Decided May 8, 1952.

Nicholas Conover English, Newark, N. J. (McCarter, English & Studer, Newark, N. J., on the brief), for petitioner.

Lester J. Kramer, Teaneck, N. J., for respondent and for intervenor.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This petition for mandamus seeks an order against a judge who has refused to transfer a case under 28 U.S.C. § 1404(a).

The plaintiff sued the defendant in the federal court in New Jersey. The defendant moved to transfer the case to the federal court for the Northern District of Ohio, Eastern Division, claiming, among other reasons, that they had rights against another whom they wished to make a third-party defendant and who was subject to suit in Ohio though not in New Jersey. The trial judge denied the motion.

We start, of course, with the language of the statute. It reads:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ This is a section which is new in the United States Code. It first appeared September 1, 1948. The course of litigation in these formative years will determine whether the objective clear in the wording of the section is to be accomplished. The statute limits the privilege of the plaintiff to have his lawsuit tried in the forum of his choosing if he can there get jurisdiction over the defendant. The purpose of the limitation is clearly to make the inevitably uncomfortable (for the litigant) judicial process cheaper and more convenient and, if possible, more prompt.

Like many another well-intentioned procedural improvement, this one is in a fair way to be defeated by judicial construction.

In the first place some district judges are applying section 1404(a) with a limitation imposed by the Supreme Court upon the doctrine of *forum non conveniens* as found in the Gulf Oil and Koster decisions.[1]

■ .The *forum non conveniens* doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the *forum non conveniens* doctrine.

■ The second danger which threatens the usefulness of Section 1404(a) comes from the appellate courts. It is settled in this Circuit and elsewhere that an order either making a transfer or refusing a transfer is not appealable.[2] Now the effort is being made both in this court and elsewhere to substitute for appeal a review by mandamus whenever the losing party on a motion to transfer wants an advance review of the ruling on this point.

We think that this practice will defeat the object of the statute. Instead of making the business of the courts easier, quicker and less expensive, we now have the merits of the litigation postponed while appellate

1. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and Koster v. Lumbermens Mutual Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067.

2. See Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687;

Shapiro v. Bonanza Hotel Co., 9 Cir., 1950, 185 F.2d 777; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624; Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360, certiorari denied 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed. 584.

courts review the question where a case may be tried.

Every litigant against whom the transfer issue is decided naturally thinks the judge was wrong. It is likely that in some cases an appellate court would think so, too. But the risk of a party being injured either by the granting or refusal of a transfer order is, we think, much less than the certainty of harm through delay and additional expense if these orders are to be subjected to interlocutory review by mandamus.

We do not propose to grant such review where the judge in the district court has considered the interests stipulated in the statute and decided thereon.[3] Our policy was indicated in our decision in Gulf Research and Development Company v. Leahy[4] which concerned a different section of the Code. The discussion there regarding the reason why caution should be exercised with regard to granting mandamus against a judge is fully applicable here.

We realize that the view we express is not the one which some of our judicial brethren are following with regard to this statute.[5] But we cannot escape the conclusion that it will be highly unfortunate if the result of an attempted procedural improvement is to subject parties to two lawsuits: first, prolonged litigation to determine the place where a case is to be tried; and, second, the merits of the alleged cause of action itself.

The petition for mandamus will be denied.

**WESTINGHOUSE ELECTRIC SUPPLY CO. v. NATIONAL LABOR RELATIONS BOARD.**

No. 10603.

United States Court of Appeals Third Circuit.

Argued April 8, 1952.

Decided May 26, 1952.

3. We granted it once, not to review the exercise of a judge's discretion, but to indicate that the discretion should be exercised. Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111.

4. 3 Cir., 1951, 193 F.2d 302, certiorari granted April 21, 1952. 72 S.Ct. 762. This case well illustrates the dangers of interlocutory review of these orders. The case actually involved 28 U.S.C. § 1406(a) which covers similar, but not identical, transfers. The complaint was filed on March 20, 1950, in the United States District Court for the Southern District of California. The motion for dismissal or transfer under § 1406(a) was filed on April 1, 1950, and granted on January 2, 1951, by order of the District Court dated August 18, 1950. On November 20, 1950, the Ninth Circuit Court of Appeals declined to grant review by mandamus, 185 F.2d 457. The case was then entered on the docket of the Delaware Federal District Court on Jan. 2, 1951, and promptly a motion to transfer the case back to California was filed. The district judge denied this order on May 23, 1951. Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., D.C., 98 F.Supp. 198. This court declined to review the question by mandamus on December 13, 1951, and the Supreme Court granted certiorari on April 21, 1952, 72 S.Ct. 762. As yet the venue question must still be litigated in the Supreme Court and no action has been taken to get the case solved on the merits.

5. See Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d

John G. Wayman, Pittsburgh, Pa., Job Taylor, II, John C. Bane, Jr., John G. Wayman, Donald B. Heard, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Westinghouse Electric Supply Co., Petitioner.

Dominick L Manoli, Washington, D. C., George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Dominick L. Manoli, Nancy M. Sherman, Attys.; National Labor Relations Board, Washington, D. C., for respondent.

Albert C. Shapira, Pittsburgh, Pa., Counsel for Federation of Westinghouse Independent Salaried Unions, intervenor amicus curiae.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

866, 869–70; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329; Nicol v. Koscinski, 6 Cir., 1951, 188 F.2d 537; Wiren v. Laws, D.C.Cir., 1951, 194 F.2d 873.