### STRYPEK v. SCHREYER et al.

United States District Court
S. D. New York.
Jan. 30, 1954.

Simon S. Feinstein, New York City, for plaintiffs. Grabow & Katz, George A. Grabow, New York City, of counsel.

Evans, Rees, Orr & Walsh, New York City, for defendants.

WEINFELD, District Judge.

The rule on motions for transfer under § 1404(a) of Title 28, United States Code, is that the plaintiffs' choice of forum—in this instance, the district of their residences—is rarely to be disturbed. And unless the defendants sustain the burden of showing that "the balance is strongly in favor" of them,

their motion must be denied.[1] The defendants have failed to sustain their burden.

 The moving affidavit contains a general statement that all available witnesses reside within fifty miles of the courthouse of the Pennsylvania District to which transfer is sought, but is fatally defective in that the names of witnesses (other than the defendant Border) are not submitted, and the nature or materiality of their proposed testimony is not stated.[2] Contrariwise, proof is submitted by the plaintiffs that the only eye witness to the occurrence is prepared to testify in this district and his appearance here will not inconvenience him.

With respect to the medical witnesses and other medical proof, the balance of inconvenience here, too, affirmatively favors plaintiffs. Indeed, it appears that a transfer may be prejudicial since the doctors who treated plaintiffs upon their discharge from the hospital practice and reside in this district and will not attend in Pennsylvania; and to take their testimony by deposition in view of the serious injuries claimed and their alleged permanency would be unsatisfactory.[3]

 Finally, the contention that the defendants will be deprived of their right to assert a cross-claim under the Pennsylvania statute for contribution against the estate of Davis, the driver of the automobile in which plaintiffs were passengers, is without substance. First, the pending action in this court by the Davis estate against the moving defendants makes available to them either a motion to consolidate or other appropriate relief. Second, the fact that Davis was uninsured and was judgment proof—which is uncontradicted—makes the proposed claim more apparent than real. Third, even if there were no suit by the Davis estate pending in this district, the defendants' right of contribu-

tion against his estate still exists in the event of recovery of judgment against them.[4]

Upon all the facts the defendants have failed to carry their burden to warrant the granting of the motion for a transfer.

Motion denied.

Settle order on notice.

---

1. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055.

2. Jenkins v. Wilson Freight Forwarding Co., Inc., D.C.S.D.N.Y., 104 F.Supp. 422.

3. Cf. Lago Oil & Transport Co., Ltd. v. United States, D.C.S.D.N.Y., 97 F.Supp. 438.

4. 12 P.S.Pa. § 2082 et seq.