**PARAGON–REVOLUTE CORP.**

v.

**C. F. PEASE CO.**

Civ. No. 1571.

United States District Court,
D. Delaware.

March 18, 1954.

Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., and B. E. Schlesinger, Rochester, N. Y., for plaintiff.

Louis J. Finger (of Richards, Layton & Finger), Wilmington, Del., and Thomas F. McWilliams (of Mann, Brown & Hansmann), Chicago, Ill., for defendant.

LEAHY, Chief Judge.

Plaintiff, a patent assignee, a New York corporation with its principal place of business, office, and factory in Rochester, New York, sues for infringement. Defendant is a Delaware corporation, with its principal place of business, office, and factory in Chicago, Illinois, where the alleged acts of infringement occurred. Motion to transfer the action to the Northern District of Illinois, Eastern Division, where it might have been brought, under 28 U.S. C. § 1404(a) was made by defendant. Weighing of the three statutory factors, "convenience of parties and witnesses, in the interest of justice", must decide the motion. Some consideration must also be accorded plaintiff's choice of forum, either as a constituent element of the obtuse "interest of justice" factor or as a separate factor inherent in our adversary system. In Dairy Industries Supply Ass'n v. La Buy, 7 Cir., 207 F.2d 554, 558, the nature of the choice of forum factor was not explored, but it was held a proper consideration on motion to transfer, "not lightly [to] be set aside", citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. Relying on its prerogative to choose its forum, plaintiff here, too, reiterates Gulf Oil's oft-quoted standard defendant must show a strong, favorable balance to obtain transfer and rarely should plaintiff's choice of forum be disturbed. This circuit has expressed its disapproval of defeating § 1404(a)'s "well-intentioned procedural improvement" "with a limitation imposed by the Supreme Court upon the doctrine of forum non conveniens as found in the Gulf Oil and Koster [Koster v. Lumbermens Mutual Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067] decisions."[1] Further, our Court of Appeals (per Goodrich, J.) said § 1404(a)'s words should be considered for what they say, not with preconceived limitations derived from the forum non conveniens doctrine."[2] Affording some weight to plaintiff's choice of forum— if it not be disproportionately heavy—

1. All States Freight, Inc. v. Modarelli, 3 Cir., 196 F.2d 1010, 1011. The opposite view had been previously expressed, Schoen v. Mountain Producers Corporation,

3 Cir., 170 F.2d 707, 715, 5 A.L.R.2d 1226, footnote 20.

2. Id., 196 F.2d at page 1011. In pressing for Gulf Oil's stringent rule, plaintiff cites

neither clashes with the latest views of our Court of Appeals nor defeats the procedural improvement intended by § 1404(a). Choice of forum simply cannot be ignored. It is by definition the starting point for every motion to transfer. Exactly what weight to assign to it —or, conversely, how much defendant must show to overcome it—need not, indeed cannot, here be precisely charted but must await the particular facts of each arising case. However, observations can be made on the minimum and maximum limits to be fixed for weighing choice of forum's importance: 1. if § 1404(a)'s factors are evenly balanced, perceptibly inclining neither toward one forum nor the other, the action remains in the forum of plaintiff's choice—as a minimum burden, then, defendant has to overcome in some degree the initial attachment of the suit to plaintiff's chosen forum; 2. interpreting the advice in the Modarelli opinion of the Court of Appeals, sitting en banc, to moderate Gulf Oil's limitation on § 1404(a) cases, I believe defendant is not bound to produce such a strong, favorable balance that his favoring factors must greatly preponderate those of plaintiff and further that disturbing plaintiff's choice of forum is no longer a rarity because of § 1404(a)—defendant's mandatory margin for victory, then, need not be an overwhelming one.

Whatever be required of defendant here to swing the balance to transfer, the score must first be tabulated as to convenience of both parties, of witnesses and the dictates of justice.

1. In the case at bar the forum is neither the residence nor a place of business of either party. Both corporate parties, through counsel, officers and employees, will have to come here from foreign jurisdictions with all the documentary and physical evidence —in the form of cumbersome physical machinery—they deem necessary for trial. Plaintiff must travel from Rochester and defendant from Chicago. This legal ball game cannot be played in both home parks, and cannot be scheduled for Rochester because the suit could *not* have been brought there originally. One home field, Chicago, and neutral Wilmington remain two possibilities. As between them, I conclude conveniences favor Chicago. That is defendant's executive and manufacturing situs and will eliminate one party's travel, for plaintiff will have to travel in any event, either to Chicago or Wilmington. About 150 more miles lie between Chicago and Rochester than between the latter city and Wilmington, and plaintiff concedes the difference in travel time is negligible. Plaintiff urges, as its main convenience of the Delaware forum, the coupling of an expert's court appearance with a sales and engineering trip in this area. Such is not the type of convenience envisaged by § 1404(a). The expert's business trip has no connection with the trial or with defendant and is personal to plaintiff's operations. This is an obviously irrelevant factor.

This, then, is the situation: Wilmington is convenient to neither party. Chicago is just as convenient as Wilmington to plaintiff and of complete convenience to defendant. This balance cannot help but favor transfer.

2. Indications are this is the ordinary patent infringement suit and a duel of expert witnesses will be the feature attraction. Travel is an omnipresent aspect of their trial appearances and is thus somewhat minimized in weighing their convenience. Other anticipated witnesses are located much the same as the parties for whom they will testify. This particular balance resembles that of the parties, and favors transfer to Chicago.

Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, as strictly applying that rule. Our Court of Appeals also cites that case in its All States Freight decision in admitting that as to appellate review of transfer decisions by mandamus "the view we express is not the one which some of our judicial brethren are following with regard to this statute". Besides the Second Circuit, the Court also notes opposing cases

3. Consideration of the effect of the "interest of justice" factor on the forum results in a stand-off. As said before by this court,[3] such a factor may be a "reason separate and distinct from the convenience of parties and witnesses as well as a necessary resultant factor from such conveniences". Applied as a separate entity, justice to the parties is neither better served nor more unduly restricted in the Chicago forum than in Wilmington. This suit arises under the federal patent statutes which will be similarly applied in both possible forums. As a total effect stemming from the convenience, the justice factor, if not quite in equipoise, slightly as I see it inclines toward transfer.

The sole string of corporate domicile tying the suit to the Delaware District breaks at the pull of the instant facts framed under § 1404(a)[4] as does plaintiff's choice of forum.

Motion to transfer will be granted.

in the District of Columbia and Sixth Circuits.

3. Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., D.C.Del., 99 F.Supp. 503, 506.

4. This is not a prejudgment of all cases in which the only nexus to this forum is Delaware incorporation.