## BUSCH v. REISS S. S. CO.
### No. 1710.

United States District Court,
D. Delaware.
March 25, 1954.

Stewart Lynch and Alfred Fraczkowski, Wilmington, Del., for libelant.

William H. Bennethum (of Morford, Bennethum & Marvel), Wilmington, Del., Robert Branand (of Johnson, Branand & Jaeger), Cleveland, Ohio, for respondent.

RODNEY, District Judge.

This is a motion to transfer this case to the United States District Court for the Northern District of Ohio, Eastern Division at Cleveland, Ohio, pursuant to Title 28 U.S.C. Sec. 1404(a).

The respondent is a corporation of the State of Delaware, but transacts most of its business at Cleveland, Ohio. The libelant, having a choice of forums, namely, the home state of the respondent's incorporation or the place where such corporation conducts its business, selected the home state of the respondent as the forum of his choice.

In a motion to transfer under Sec. 1404(a) it is not entirely clear what weight is to be given the matter of the plaintiff's choice of forum. In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, it is said, "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

It is true that this case was determined before the adoption of the transfer section, Sec. 1404(a), and considered the doctrine of "forum non conveniens." After the adoption of the transfer section, Sec. 1404(a), a number of cases, including Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, in considering motion for transfer and the plaintiff's choice of forum, followed the language of Gulf Oil Corp. v. Gilbert. Indeed, in Schoen v. Mountain Producers Corporation, 170 F.2d 707, in note 20 on page 715, 5 A.L.R.2d 1226, the Third Circuit Court said, "The consideration of these amended motions [for transfer under Sec. 1404(a)] by the District Court would, of course, be had in the light of the rules for the application of the doctrine of forum non conveniens laid down by the Supreme Court in Gulf Oil Corp. v. Gilbert * * *." More lately the Third Circuit Court, in All States Freight v. Modarelli, 1952, 196 F.2d 1010, to some extent differentiated applications for transfer under 1404(a) from the principles of forum non conveniens. I do not understand the Modarelli case to say, however, that the plaintiff's choice of forum is not a factor to be considered in the application for transfer under 1404(a) or that the conveniences of the defendant and his witnesses must not somewhat outweigh the conveniences of the plaintiff and his witnesses, together with his generally accorded privilege of choice of forum.[1]

Before considering the reasons upon which a transfer in the present case might be based, certain facts should be set out and kept in mind.

The libelant is a seaman now living in New York. He alleges a serious impairment of his vision which took place while he was in the employment of the respondent on its boat. He brought an action against the present respondent in the Northern District of Ohio, Eastern Division at Cleveland. That suit is stated to have been based upon the alleged negligence of the respondent and sought, in addition to damages for such negligence, an amount for maintenance and cure. The verdict of the jury on February 28, 1951, exonerated the respondent of negligence but found a verdict of $2,500 for maintenance and cure.

The present suit is not based on negligence or unseaworthiness of the boat, but is based solely on maintenance and cure, to which the libelant claims to be entitled since the former judgment.

The original libel filed in this action might have been subject to a construction that it was based in part upon negligence or unseaworthiness and thus possibly might give rise to the question of res judicata in connection with the former action in Cleveland and thus make a transfer to Cleveland more desirable. However, it was orally agreed at the argument that the present action is based solely on maintenance and cure and it was agreed that a stipulation to that effect would be filed herein. With the foregoing facts in mind, we may approach the reasons assigned for the transfer.

The statute providing for the transfer allows such transfer "for the convenience of parties and witnesses, in the interest of justice".

A. *Convenience of parties.* But slight attention need be given to the convenience of parties. The respondent, as stated, is a corporation of this State. Except for the location of its records, there is no indication that one forum would not be as convenient to the respondent as the other. Since no issue of negligence arises in this case, it is difficult to see how any records of the respondent could be material, since the only question would concern the right of the libelant to maintenance and cure since the former action.

1. In the unreported case of Lackawanna Leather Co., Inc. v. Ashley-Rhoades, Inc., 1953, this court adopted the language of Gulf Oil Corp. v. Gilbert without the limitations imposed by All States Freight v. Modarelli. This was by reason of a lack of awareness of that decision, it not having been brought to the court's attention. The result in that case, however, would not have been changed.

B. *Convenience of witnesses.* Since the verdict of the jury in the Cleveland case disposed of the issue of negligence, and since such issue is not again raised in this case, it would seem that no factual witnesses are required, and that the only witnesses material in the case would be the expert medical witnesses of the parties.

The convenience of the expert medical witnesses in this case seems largely in equipoise. The libelant seems to be under medical treatment in New York. Any medical witnesses appearing personally for him would presumably come from New York, and Delaware is the more convenient forum for such witnesses. The expert medical witnesses suggested on the part of the respondent are alleged to be in Cleveland and Detroit. It is claimed that these same expert witnesses examined the libelant at the time of the former trial and would be desired so as to compare the condition of the libelant on the two occasions. The same situation may exist as to the libelant. When the former case was tried in Cleveland, the libelant submitted his medical testimony by deposition. In the present case, there seems no reason why the libelant should not have the opportunity of presenting his evidence in person if he so desires and can do so, and the matter of expense is clearly a matter of importance.[2]

No compelling reason seems to exist to transfer the case because of the convenience of witnesses

C. *In the interest of justice.* There seems to be no reason for the transfer in the interest of justice, separate and apart from the convenience of parties and witnesses. No issue of res judicata is apparent and the sole question is the extent of the libelant's physical incapacity and the right to recover for cure and maintenance.

No reason is apparent which would cast upon the Court in Ohio the greater duty to determine the libelant's present physical incapacity and his right to recover for cure and maintenance to a greater degree than is cast upon this Court. Under such circumstances, a transfer does not seem to be authorized.

In the present matter I have given no heed whatever to the suggestion of the libelant that he could not obtain counsel in the Eastern Division of the Northern District of Ohio, With a bar the size of that in Cleveland, I think that any libelant or claimant with a worthy cause could find adequate representation.

The motion to transfer is refused and an appropriate order may be submitted.

---

2. Observations on Transfer under 1404(a) of the New Judicial Code, 10 F.R.D. 595, 606.