Erlene L. KING, Administratrix of the Estate of Oria G. King, Deceased,

v.

COOPER MOTOR LINES, Inc., a body corporate of the State of South Carolina.

Civ. A. 8736.

United States District Court
D. Maryland, Civil Division.

June 21, 1956.

George E. Brown, Jr., Baltimore, Md., for plaintiff.

Wm. A. Fisher, Jr., and Rignal W. Baldwin, Baltimore, Md., for defendant.

ROSZEL C. THOMSEN, Chief Judge.

The complaint in this action alleges that Oria G. King, a Maryland resident, was killed in North Carolina on July 6, 1955, by a tractor-trailer which was being negligently operated by an employee of defendant, a South Carolina corporation. His wife was appointed administratrix of his estate by the Orphans' Court for Anne Arundel County, Maryland, and brought this action under General Statutes of North Carolina, § 28–173, which provides:

> "When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors shall be liable to an action for damages, to be brought by the executor, administrator or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default, causing the death, amounts in law to a felony. The amount recovered in such action is not liable to be applied as assets, in the payment of debts or legacies, except as to burial expenses of the deceased, but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy."

Defendant has moved to dismiss on the ground that plaintiff has not been appointed administratrix by a court of the State of North Carolina. Defendant's brief also contends that under the provisions of sec. 3(c) of Article 67 of the Annotated Code of Maryland, 1951 ed., a foreign wrongful death statute may not be enforced in the State of Maryland when service of process can be obtained in the jurisdiction where the cause of action arose.

The latter point was argued before me in Kaufmann v. Service Trucking Co., Inc., D.C., 139 F.Supp. 1, in which I held that sec. 3(c) of Article 67 of the Maryland Code was not intended to apply to a person who had a right to sue under sec. 2 without resort to subsections (a) and (b) of sec. 3, such as the plaintiff in that case, a domiciliary administrator appointed in Illinois. *A fortiori*, sec. 3(c) should not be construed to limit in any way the right of a Maryland administratrix of a Maryland decedent to bring an action under sec. 2. It is incredible that the Maryland legislature intended to insist that such an administratrix go to some other state to sue an interstate trucking company which operates in Maryland and has a resident agent in Maryland.

I adhere to the views expressed in the Kaufmann case; but those views do not necessarily require that the same result be reached in this case as in that. The North Carolina law must be considered. The Fourth Circuit has held, and I concluded in the Kaufmann case that the Court of Appeals of Maryland probably would hold "that all matters pertaining to the substantive right of recovery under a wrongful death statute, including the right to recover, the nature of the right, and the party in whom it is vested, are governed by the law of the state where the injury resulting in death occurred." Betts v. Southern Ry. Co., 4 Cir., 71 F.2d 787, 789. The Virginia statute involved in the Kaufmann case prohibited a non-resident from acting as a personal representative in Virginia, unless a Virginia resident or a corporation authorized to do business in Virginia was appointed to serve with him; and, although bringing a civil action in Virginia is acting in Virginia, Holt v. Middlebrook, 4 Cir., 214 F.2d 187, 190, bringing a civil action in Maryland for a wrongful death which occurred in Virginia is not *acting* in Virginia. Kaufmann v. Service Trucking Co., 139 F.

Supp. at pages 5, 6, and cases cited therein.

The North Carolina law, however, goes much farther. In Hall v. Southern Railroad Co., 146 N.C. 345, 59 S.E. 879, 882, the court indicated that the state takes a real interest in how the proceeds of a wrongful death recovery are distributed, and that the distribution should be made under the supervision of a North Carolina court. The plaintiff in that case, a resident of Virginia, had been appointed administrator in Virginia of a Virginia decedent who had been killed in North Carolina. Holding that the plaintiff was not entitled to recover, since only an administrator appointed in North Carolina could sue under the North Carolina statute, the court said:

"Our statute would control the distribution of the fund, whether the statutes of the two states are alike or not (Hartness v. Pharr, supra), so that it is immaterial to consider the similarity of the two enactments, even if there were evidence of it. We have held in the last-cited case that the fund must not only be distributed according to the law of this state, but by an administrator appointed here, and that is conclusively against the plaintiff's right to recover in this action. Would it be right to permit the plaintiff to recover and take the fund out of the state and compel the distributees resident in the state, or the University, if there are no distributees, to go to Virginia to litigate their rights with the foreign administrator, if he should refuse to pay over the fund upon demand? The state looks after and safeguards the interests of its own citizens in such cases and will retain property here in *custodia legis* in order that they may be protected in the assertion of their rights. This is but simple justice to them, and a duty therefore that rests upon the state."

██ Since actions for wrongful death exist only by virtue of the statute, they must be instituted and prosecuted strictly in accord with the statute. Brown v. Southern Ry. Co., 202 N.C. 256, 162 S.E. 613; Monfils v. Hazelwood, 218 N.C. 215, 10 S.E.2d 673, certiorari denied Monfils v. Hazelwood, 312 U.S. 684, 61 S.Ct. 612, 85 L.Ed. 1122. The North Carolina statute, sec. 28–173, now provides that although the amount recovered in a wrongful death action is not liable to be applied as assets in the payment of debts or legacies, it is liable to be applied to the burial expenses of the deceased.

The North Carolina cases indicate that some type of accounting is necessary, for it has been held that the administrator is entitled to commissions out of the recovery and that the fund is also liable for court costs and expenses as well as counsel fees. Baker v. Raleigh & G. Railroad Co., 91 N.C. 308; Hartness v. Pharr, 133 N.C. 566, 45 S.E. 901. Chapter 28, sec. 121.1 of the Laws of North Carolina provides: "The personal representative of a deceased person who did not own any real property or any interest in real property at the time of his death may file his final account for settlement at any time within one year after his appointment where the only assets of the estate consist of proceeds received for wrongful death." Pursuant to that statute, it is the practice that a personal representative, who has received proceeds for wrongful death, file a report in the Probate Court of the disposition made of such proceeds.

██ I have been referred to no case outside of North Carolina which has considered the question whether anyone except an executor, administrator or collector qualified in North Carolina can prosecute an action in another state to recover under the North Carolina Wrongful Death Act, and I have found no such case. However, in the light of the North Carolina statutes, decisions and practice, it is evident that North Carolina considers that it has a real interest in controlling the distribution of any amounts recovered in an action brought to recover for a wrongful death which occurred in that state, and that no one ex-

cept an executor, administrator or collector qualified in North Carolina has a right to bring such an action in North Carolina or elsewhere.

At the hearing on the motion to dismiss, I suggested to plaintiff's counsel that she should qualify in North Carolina and amend her complaint showing such qualification. Counsel has said that plaintiff does not wish to do so, but wants a ruling on the motion to dismiss. That motion must be granted, and the complaint dismissed.