Willis D. BROWN, Admr. of the Est. of James C. Core and of the Est. of Willie Gary, Plaintiff,

v.

Walter WOODRING, Defendant.

Civ. A. No. 6314.

United States District Court
M. D. Pennsylvania.

July 2, 1959.

Lawrence Prattis, Philadelphia, Pa., Robert Schumack, Hazleton, Pa., for plaintiff.

Eugene Nogi (of Nogi, O'Malley & Harris), Scranton, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

Defendant moves to transfer this diversity—wrongful death—action to the Eastern District of North Carolina, pursuant to 28 U.S.C.A. § 1404(a).

█ § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The present action could have been brought—28 U.S.C.A. § 1391(a)—and service obtained in the state or federal courts of North Carolina, see Leppard v. Jordan's Truck Line, D.C. E.D.S.C.1953, 110 F.Supp. 811, 818; King v. Cooper Motor Lines, Inc., D.C.D. Md.1956, 142 F.Supp. 405; Lamm v. Lorbacher, 1952, 235 N.C. 728, 71 S.E.2d 49, or in this district.

██ Each motion for transfer under § 1404(a) must be decided on its own facts. Prior to the adoption of § 1404(a) a federal court had no power to transfer an action to a more convenient forum. Under the doctrine of forum non conveniens the only possible remedy was dismissal. Before granting such a harsh remedy [1] the court quite naturally required a defendant to strongly demonstrate the overriding preponderance of inconvenience to the defendant if the litigation continued in the forum chosen by the plaintiff.[2]

---

1. Denying plaintiff's generally accorded privilege of choice of forum and ending the action if the statute of limitations prevented starting over again in a more appropriate forum. Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of America, Division No. 1127 v. Southern Bus Lines Inc., 5 Cir., 1949, 172 F.2d 946, 948, and see All States Freight Inc.

v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, 1011.

2. Only where plaintiff's choice of forum was a real hardship or an imposition on the court. Cases cited, Note 1, supra; Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, " * * * unless the balance is strongly

§ 1404(a) providing for transfer to a more convenient forum removed the harshest result of the application of the doctrine of forum non conveniens.[3] Absent the necessity for dismissal defendant's burden to justify transfer was accordingly eased.[4] Transfer may now be granted "upon a lesser showing of inconvenience". While the relevant factors have not changed and plaintiff's choice of forum is to be considered, "the discretion to be exercised is broader".

In All States Freight Inc. v. Modarelli, 3 Cir., 1952, 196 F.2d 1010 at page 1011, the Court of Appeals for this Circuit expressed its disapproval of defeating § 1404(a)'s "well-intentioned procedural improvement * * * with a limitation imposed by the Supreme Court upon the doctrine of forum non conveniens as found in the Gulf Oil and Koster decisions." In the Modarelli case the Circuit Court en banc speaking through Goodrich J. teaches that the objective of § 1404(a) is clear. Plaintiff's privilege to have his action tried in the forum of his choice is limited in order to make the judicial process cheaper, more convenient and, if possible, more prompt. Id., 196 F.2d at page 1011. "Its words should be considered for what they say,

not with preconceived limitations derived from the forum non conveniens doctrine."[5] Those teachings have been followed and applied in Busch v. Reiss S. S. Co., D.C.D.Del.1954, 120 F.Supp. 886; Paragon-Revolute Corp. v. C. F. Pease Co., D.C.D.Del.1954, 120 F.Supp. 488; General Felt Products Co. v. Allen Industries Inc., D.C.D.Del.1954, 120 F. Supp. 491; Miracle Stretch Underwear Corp. v. Alba Hosiery Mills Inc., D.C.D. Del.1955, 136 F.Supp. 508; Miller v. National Broadcasting Co. Inc., D.C.D.Del. 1956, 143 F.Supp. 78, 81; Cox v. Food Fair Stores Inc., D.C.E.D.Pa.1958, 163 F.Supp. 682, 684; Jurgelis v. Southern Motors Express Inc., D.C.E.D.Pa.1959, 169 F.Supp. 345, 346.

Wisely it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer. Given the statutory standards the decision is left to the sound discretion of the court.

In considering a request for transfer the court in weighing the relative advantages and obstacles to a fair trial must relate the facts to the convenience of the parties, the convenience of the witnesses and to whether or not

in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. * * *" Koster v. (American) Lumbermens Mutual Casualty Co., 1947, 330 U.S. 518, at page 524, 67 S.Ct. 828, at page 831, 91 L.Ed. 1067, "* * * such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience * * * a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown."

3. Transfer does not end but preserves the action against the running of the statute of limitations and for all other purposes. Jiffy Lubricator Co. Inc. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360, 362. It may be granted whether dismissal would have been appropriate or not. Id. It involves no loss of time, or pleading, or costs. Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of America, Division No. 1127 v. Southern Bus Lines, supra, Id.

4. Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, Inc., D.C.Del.1955, 136 F. Supp. 508 at page 510. In adopting § 1404(a) Congress did more than just codify existing law on forum non conveniens. It added an entirely new section to the judicial code providing for transfer, spelled out the criteria to guide the district court in exercising its power, and enlarging the scope of its possible application. Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789. And see Jiffy Lubricator Co. v. Stewart-Warner Corp., supra, 177 F.2d 360; In re Josephson, 1 Cir., 1954, 218 F.2d 174, 185; Note, 99 L.Ed. 799, at pages 802, 827, 839; See Moore's Commentary on the U. S. Judicial Code 1949 ed. § 209.

5. See and cf. Schoen v. Mountain Producers Corp., 3 Cir., 1948, 170 F.2d 707, 714, 715, Note 20, 5 A.L.R.2d 1226; Cinema Amusements Inc. v. Loew's Inc., D.C.D. Del.1949, 85 F.Supp. 319, 322.

transfer would be in the interest of justice,[6] and to no other factor, see Dairy Industries Supply Ass'n v. LaBuy, 7 Cir., 1953, 207 F.2d 554, 557, 558, except that due consideration must be given to plaintiff's choice of forum.[7] "Defendant's mandatory margin for victory * * * need not be an overwhelming one."[8] A court should not hesitate to disturb plaintiff's choice of forum if the three statutory factors dictate transfer.[9]

 The controlling conveniences and justice factors are to be applied to both litigants in their relationship to each of the two forums. Balances of these items are struck and then compared before the court's decision is crystallized. Plaintiff will not be sent to a forum which in the court's opinion does not as-

sure him a fair trial. The privilege of selecting a forum continues to play a part in deciding transfer motions but it should not be cast in the leading role.[10] The ultimate inquiry is where trial will best serve the convenience of the parties, the witnesses and the ends of justice; to find that forum in which inconveniences of all parties and witnesses may be at an irreducible minimum.

 Important considerations from the standpoint of litigants are relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, possibility of a view, if that be appropriate, and all other practical problems that make trial of a case easy, ex-

6. "Interest of justice" may be "a reason separate and distinct from the convenience of parties and witnesses as well as a necessary resultant factor from such conveniences." Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., D. C.D.Del.1951, 99 F.Supp. 503, 506, and see Cinema Amusements Co. v. Loew's Inc., supra, 85 F.Supp. at page 326. The interest of the parties and of society in general: Chicago R. I. & P. R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299, 303. As to need to engage new counsel if transfer is allowed, cf. Id., 220 F.2d at page 304; Miller v. National Broadcasting Co., supra, 143 F.Supp. at page 81.

7. As to the weight to be given plaintiff's choice of forum, see discussion Busch v. Reiss S. S. Co., supra, 120 F.2d 886; Hayes v. Chicago, R. I. & P. R. Co., D.C. D.Minn.1948, 79 F.Supp. 821, 824, "No one obtains any vested right in venue. It is granted by legislative enactment and can be withdrawn by the same power. The right is procedural and not substantive." In United States v. E. I. Du Pont De Nemours & Co., D.C.D.C.1947, 83 F. Supp. 233, Holtzoff J., "The innovation is salutary, as it enables the courts to make desirable adjustments as to places of trial, and puts plaintiffs and defendants more nearly on a plane of equality * * *." Paragon-Revolute Corp. v. C. F. Pease Co., supra, 120 F.Supp. at page 489, "Some weight * * *" but not "disproportionately heavy". General Felt Products Co. v. Allen Industries Inc., supra, 120 F.Supp. at pages 493–494. United States v. Gerber, D.C.E.D.Pa.

1949, 86 F.Supp. 175, 178, "a preponderance of facts in favor of either the plaintiff or the defendant"; and see Miller v. National Broadcasting Co., supra, 143 F. Supp. at page 81. As to how much defendant must show to overcome it, see Paragon-Revolute Corp. v. C. F. Pease Co., supra, 120 F.Supp. at page 490, " * * * defendant is not bound to produce such a strong, favorable balance that his favoring factors must greatly preponderate those of plaintiff * * * disturbing plaintiff's choice of forum is no longer a rarity because of § 1404(a)." See Note, 99 L.Ed. 799 at pages 802, 825; Note 10 A.L.R.2d 932.

8. Paragon-Revolute Corp. v. C. F. Pease Co., supra, 120 F.Supp. at page 490.

9. General Felt Products Co. v. Allen Industries Inc., supra, 120 F.Supp. at page 493, and see and cf. Koster v. (American) Lumbermens Mutual Casualty Co., supra, 330 U.S. at page 525, 67 S.Ct. at page 832.

10. As to plaintiff's burden, if any, see Gulf Oil Corp. v. Gilbert, supra, 330 U.S. 509, 67 S.Ct. 839; Koster v. (American) Lumbermens Mutual Casualty Co., supra, 330 U.S. at page 531, 67 S.Ct. at page 835; risk, General Felt Products Co. v. Allen Industries Inc., supra, 120 F.Supp. at page 493. As to the possibility of the burden shifting, see White v. Employers' Liability Assur. Corp. Ltd., D.C.E.D.S.C. 1949, 86 F.Supp. 910; see and cf. dissent Reed, J., Koster v. (American) Lumbermens Mutual Casualty Co., supra, 303 U.S. at page 538, 67 S.Ct. at page 838.

peditious and inexpensive. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 508, 67 S.Ct. at page 843. Considerations of public interest include the undesirability of piling up litigation in congested centers, the burden of jury duty on people of a community having no relation to the litigation, the local interest in having localized controversies decided at home; the unnecessary injection of problems in conflict of laws. Id. In addition the Gulf Oil case suggests questions of enforceability of a judgment if one is obtained. We add the need of process for the production of documents, records and other data, the cost of maintaining witnesses, the inconvenience of witnesses away from home, and the relative loss of time; accountability of a plaintiff fiduciary to the home forum; jurisdiction over necessary and proper parties. And see Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 511, 67 S. Ct. at page 844, 91 L.Ed. 1055, as to the undesirability of being forced to try a case with depositions.

■ Applying the criteria to the facts of this case: A truck in which James C. Core, Willie Gary, and thirty-eight others were passengers, collided in North Carolina with defendant's tractor trailer operated by Gilbert R. Peters on defendant's behalf. Twenty-one of the passengers, including Core and Gary, were killed; fourteen others were injured. Core and Gary were residents of North Carolina; defendant and Peters reside in this district.

Plaintiff of Fayetteville, Cumberland County, North Carolina, appointed administrator, by a North Carolina court, of the two estates, seeks in separate counts to recover from the defendant under the North Carolina Death Act (G. S. §§ 28–173, 28–174) for the alleged wrongful death of Core and Gary. Defendant's motion to transfer and affidavit of counsel set forth plaintiff's residence and appointment, and states that the accident, injuries and deaths occurred there; that they were investigated by Sheriff Leon L. Guy, R. C. Pridgen and two other members of the North Carolina Highway Patrol; pictures of the scene and vehicles were taken by local photographers; that all eye witnesses—about seven—the police officials and photographers all reside in the Eastern District of North Carolina; that their testimony will be material and necessary on defendant's behalf, but they are beyond the reach of process of this court; that it would be practically impossible to arrange for their voluntary appearance outside North Carolina and, if not, depositions would be necessary to defendant's great disadvantage. If they made themselves available the cost of transporting them nine hundred miles and maintaining them would be great and involve a substantial loss of time and inconvenience to each of them. The locus in quo would be familiar to a North Carolina jury; a view of the scene possible, and applicable North Carolina law more familiar to a North Carolina court, the latter having power to call all material witnesses and obtain jurisdiction of all necessary and proper parties. Finally, that a coroner's inquest found no fault or criminal negligence on the part of defendant's operator and that the accident was caused by the negligence of the truck driver.

Plaintiff's answer and an affidavit of Philadelphia counsel points to defendant's residence in this district; that plaintiff chose this forum; that it will seek to call as eye witnesses defendant's driver, Joseph Lozak, of Berwick in this district, who accompanied Peters on the trip driving another vehicle, and Dr. Ralph E. Campbell of Valley Forge in the Eastern District of Pennsylvania; that Core formerly resided in Philadelphia, Gary in Coatesville nearby, and that he would call Core's father from Philadelphia, Arie Gary from Miami, Florida, and others from Philadelphia and Coatesville to testify as to pecuniary loss and other elements of the cause of action; that all such testimony would be material and necessary on plaintiff's behalf; that few of such witnesses would be available to testify in North Carolina and, in any event, the cost of transporting them

would be prohibitive to plaintiff. Finally, that the coroner's inquest reached no conclusion or opinion as to the negligence of defendant's operator.

It is not clear how long Core and Gary were residents of North Carolina or what other relatives, if any, are available there to testify as to pecuniary loss. Doctor Campbell would be testifying as a lay witness. Whether or not North Carolina doctors treated Core and Gary is not clear. A North Carolina forum would be more convenient to plaintiff and to the witness Gary from Florida. Plaintiff himself would have to account to a North Carolina court. King v. Cooper Motor Lines, supra, D.C., 142 F.Supp. at page 407; cf. Chicago R. I. and P. R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299, 304. Two of plaintiff's proposed witnesses—defendant's employees—would be subject to discovery and defendant to requests for admissions with possible sanctions, together with possible damaging inferences if defendant did not call them as witnesses.

Cases are generally tried with fewer witnesses than predicted. The position of the parties is made more clear where the names, addresses and proposed testimony of witnesses is given. Some cases cited by plaintiff—National Tea Co. v. The Marseille, D.C.S.D.N.Y.1956, 142 F.Supp. 415; Jenkins v. Wilson Freight Forwarding Co. Inc., D.C.S.D.N.Y.1952, 104 F.Supp. 422; Strypek v. Schreyer, D.C.S.D.N.Y.1954, 118 F.Supp. 918; McKinney v. Southern Pacific Co., D.C.S.D. Tex.1957, 147 F.Supp. 954, to which we add Goodman v. Southern Ry. Co., D.C. S.D.N.Y.1951, 99 F.Supp. 852; Headrick v. A. T. and S. F. Ry. Co., 10 Cir., 1950, 182 F.2d 305 at page 310; Chicago R. I. & Pac. Ry. Co. v. Hugh Breeding Inc., 10 Cir., 1956, 232 F.2d 584, 588; Savage v. Kaiser Motors Corp., D.C.D.Minn.1953, 116 F.Supp. 433—stress the necessity of such information to sustain defendant's burden. But see and cf. United States v. Scott & Williams Inc., D.C.S.D.N.Y. 1950, 88 F.Supp. 531; Duffy v. United States, D.C.S.D.N.Y.1953, 114 F.Supp. 881; Ex parte Collett, 1949, 337 U.S. 55, 56, 69 S.Ct. 944, 93 L.Ed. 1207; Cinema Amusements Inc. v. Loew's Inc., supra, 85 F.Supp. 325, 326; Nicol v. Koscinski, 6 Cir., 188 F.2d 537, 538; Hayes v. Chicago R. I. & P. R. Co., supra, 79 F. Supp. 821, 826; Miller v. National Broadcasting Co., supra, 143 F.Supp. at page 81, where such information was not provided. And see Chicago R. I. & P. R. Co. v. Igoe, supra, 220 F.2d at page 305, as to the absence of a request for such information, and Ferguson v. Ford Motor Co., D.C.S.D.N.Y.1950, 89 F.Supp. 45, 50, where such a request was made.

▮▮▮▮ The number of witnesses is a factor to be considered as well as the nature and quality of the testimony, the distances and inconveniences involved. Erie R. Co. v. Fritsch, 3 Cir., 1934, 72 F.2d 766, 768; Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C.S.D. N.Y.1949, 88 F.Supp. 863, 866; Anthony v. RKO Radio Pictures Inc., D.C.S.D. N.Y.1951, 103 F.Supp. 56, 57; Berk v. Willys-Overland Motors Inc., D.C.D.Del. 1952, 107 F.Supp. 643, 644. Ultimately the question is not one of numbers alone but of credibility and weight. Wigmore on Evidence, 3rd Ed., §§ 2032, 2034. Hill v. Upper Miss. Towing Corp., D.C.D. Minn.1956, 141 F.Supp. 692, 694–696, holds that such information is not a sine qua non and that in the cases cited by plaintiff there were other elements which contributed to the denial of transfer. We agree. The merits of a motion to transfer should not be decided on that factor alone but only after full consideration of all the facts. In Pennsylvania a plaintiff in a wrongful death action is required to state in the complaint the names and addresses of persons entitled to recover. See 12 P.S. §§ 1602–1603, Rules of Civil Procedure, Rule 2204, 12 P.S.Appendix. Such information may, however, be supplied at a later date. Fuller v. Palazzolo, 1938, 329 Pa. 93, 99, 197 A. 225. Interpretation of § 1404(a) should resist formalization and look to the realities that make for doing justice. Cf. Koster v. Lumbermens Mutual Casualty Co., supra, 330 U.S. at page 528, 67 S.Ct. at page 833, 91 L.Ed. 1067.

While some judges give different emphasis to the various factors, and § 1404

**648**

(a) is running into the impact of judges' subjective tests in applying the standards ordered by the statute, see General Felt Products Co. v. Allen Industries Inc., supra, 120 F.Supp. at pages 492, 493, and other courts in interpreting the section have approached it with a different attitude and different standards, see dissent Norwood v. Kirkpatrick, supra, 349 U.S. at pages 35, 36, 75 S.Ct. at page 548, 99 L.Ed. 789, citing cases, upon full consideration of all the facts here present [11] the court has concluded that the convenience of the plaintiff and the defendant, the convenience of the witnesses and the interest of justice will best be served by transferring this action as requested.[12]

An order of transfer will be filed herewith.

---

11. See Note 99 L.Ed. at pages 843, 845, for examples of cases in which transfer was allowed.

12. Considering the degree of discretion to be exercised by the court in the light of the Norwood cases, Mazinski v. Dight, D.C.W.D.Pa.1951, 99 F.Supp. 192, does not represent the present state of the law; see Jurgelis v. Southern Motors Express Inc., D.C., 169 F.Supp. at page 346; do, as to Naughton v. Pa. R. Co., D.C. E.D.Pa.1949, 85 F.Supp. 761. In view of the foregoing, we do not decide defendant's motion to dismiss because of plaintiff's alleged failure to comply with 20 P.S. § 320.1101, until after the Pennsylvania one year period of limitations had expired. See Brown v. Hughes, D.C.M. D.Pa.1955, 136 F.Supp. 55; Wells v. Simonds Abrasives Co., D.C.E.D.Pa.1951, 102 F.Supp. 519, Id., 3 Cir., 1952, 195 F.2d 814; Quinn v. Simonds Abrasives Co., 3 Cir., 1952, 199 F.2d 416; Brennan v. Rooney, D.C.E.D.Pa.1956, 139 F. Supp. 484, 486; Wells v. Simonds Abrasives Co., 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211.