UNITED STATES of America, Petitioner,

v.

Honorable Caleb M. WRIGHT, Chief Judge, United States District Court for the District of Delaware, Respondent.

No. 13186.

United States Court of Appeals Third Circuit.

Petition for Writ of Mandamus Denied March 22, 1960.

Rehearing Denied June 15, 1960.

As Amended July 28, 1960.

George Cochran Doub, Asst. Atty. Gen., Leonard G. Hagner, U. S. Atty., Morton Hollander, Mark R. Joelson, Attys., Dept. of Justice, Washington, D. C., on the brief for the United States.

James M. Tunnell, Jr., Wilmington, Del., for United Airlines, Inc.

No appearance for Judge Wright.

Before BIGGS, Chief Judge, and GOODRICH, McLAUGHLIN, KALODNER, STALEY, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

In this case a petition for a writ of mandamus was denied. A petition for rehearing followed. The dissent to denial of that petition makes necessary this brief opinion.

The alleged abuse of discretion attributed to the district judge is that he employed improper standards in deciding the motion for change of venue. What is charged is a mistake of law. To issue mandamus on that basis would be to substitute the writ for appeal. The

next step and it would be a short one might well be use or rather misuse of the writ to correct interlocutory orders where appeal is foreclosed, by urging abuse of discretion.

If we issued a writ in this instance, what action would it direct? Though we are satisfied to the contrary, assuming the district judge failed to apply the standards set forth in 28 U.S.C.A. § 1404 (a) [1] we are without knowledge that he would have granted the transfer even if he had followed § 1404. Were we to direct a transfer of this cause we would in effect be assuming original jurisdiction.

In that original jurisdiction phase there are strong arguments in favor of change of venue. But those arguments are not so strong as to justify us in holding that the district judge, who was alert to and guided by Section 1404, abused his discretion in denying the motion. Dissent from his view represents a difference of opinion, nothing more. It would be a grave mistake for us to seize on the elements presented so well by petitioner as an excuse to arbitrarily strip the district court of the result of its independent honest thinking, i. e. its judgment, and force that thinking to be controlled decisionally by an appellate tribunal.

The petition for rehearing will be denied.

BIGGS, Chief Judge (dissenting).

On September 24, 1958, United Airlines, Inc. filed a complaint against the United States, No. C. A. 2043 in the United States District Court for the District of Delaware, based on the Federal Tort Claims Act, 28 U.S.C. § 1346(b), alleging that the United States through its agents in the United States Air Force so negligently operated a F–100F Super Saber Jet Fighter airplane in the vicinity of Las Vegas, Nevada, that a Douglas DC–7 airplane owned by the plaintiff collided with the Air Force jet destroy-

1. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

ing the plaintiff's airplane and causing very substantial damage to the plaintiff. A reply was filed by the plaintiff to the defendant's counterclaim. Numerous interrogatories were propounded by the respective parties and were answered. On January 13, 1959, the United States moved for a change of venue pursuant to Section 1404(a), Title 28 U.S.C.[1] to the United States District Court for the District of Nevada. The plaintiff viogorously opposed this motion. Numerous affidavits were filed by counsel for the parties. The court below handed down two opinions, United Air Lines, Inc. v. United States, 186 F.Supp. 824 Id., and 186 F. Supp. 828, and denied the defendant's motion. The petition for mandamus to this court followed. The petition was denied by this tribunal without a hearing and a petition for rehearing was filed.

It appears from the record that a large number of witnesses will be required by the parties to prove or disprove their respective claims. Though it may be doubted that the great number of witnesses named by the defendant in its original motion as necessary to prove its case will be required, it does appear that several witnesses to the actual accident itself or to the events immediately following the collision reside in places close to Las Vegas, Nevada. None of the witnesses resides in Delaware though certain technical witnesses live in or about Washington, D. C., New York City, Boston, Los Angeles, and Salt Lake City, and that records and witnesses from the Nellis Air Force Base near Las Vegas, Nevada, would be more readily available at Las Vegas, than at Wilmington, Delaware. The plaintiff's principal office and executive headquarters are located in Chicago and its executive personnel, with but relatively few exceptions, and its business records, including those pertinent to this action, are also located in Chicago. The only operative fact which connects the instant litigation to Delaware is the fact that the plaintiff possesses a Delaware charter.

A large number of damage suits, some twenty-nine in all, have been brought against the plaintiff or the defendant, or both of them, because of the collision. There are some eleven suits brought by administrators or executors of the estates of persons killed in the collision against the plaintiff and the defendant in the Southern District of California, a suit by a widow of one of the passengers against the United States in the Northern District of Florida, and a similar suit against the United States in the District of Massachusetts. The principal counsel for the defendant reside in or near Washington, D. C. Plaintiff's chief counsel reside in and around New York City.

Section 1404 was drafted in the light of the doctrine of *forum non conveniens* which permitted a court to dismiss an action in certain circumstances even though the venue of the suit was proper but is a less harsh measure since the suit is transferred, not dismissed. This statute has been interpreted many times and it is somewhat difficult to discern a definite pattern in the numerous adjudications by the United States district courts and courts of appeals. The suit at bar is an ordinary tort case whatever may be the complicated ramifications of the proof, technical or otherwise, involved therein. The court below reached the conclusion that the interests of justice did not require and would not permit the transfer of the suit to Nevada. The thrust of the petition for rehearing and the brief of the defendant was that the court below and this court had misconstrued our *en banc* decision in All States Freight, Inc. v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, 1012. In the cited case we stated in effect that though mandamus was the appropriate remedy to compel transfer under Section 1404(a), we would not employ the writ where the judge of the district court has considered

1. 28 U.S.C. § 1404(a) is as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

the "interests stipulated in the statute" and decided in respect thereto, citing Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111. I understood our ruling to have been that where the district judge had considered the request for transfer in the light of the statute and the circumstances of the case and properly had exercised his legal discretion we would not intervene by mandamus. An examination of the reasons given by the district judge indicates to me, with all deference to his great good judgment, that he has failed to consider adequately the statutory provisions in the light of the circumstances and has not properly exercised his legal discretion as required by All States Freight, Inc. v. Modarelli, supra.

The district judge in the case at bar has declined to transfer the cause to Nevada primarily because he feared that such an action by him might persuade other courts in the numerous other suits with individual plaintiffs, stemming from this same tragedy, to transfer them to Nevada and that such transfers might work hardship on many of these plaintiffs. In ruling on a transfer motion under Section 1404(a) the district court must, of course, be concerned with the rights and interests of the parties before it. If the parties in the other pending suits require protection against transfer we must assume that the respective courts in which they sued will afford it to them. The transfer of the suit at bar either to Nevada or to the Southern District of California would seem to be in aid of the convenience of the parties and witnesses and in the interests of justice. The court below did not apply the principles which we set out in All States Freight, Inc. v. Modarelli, supra.

The defendant has stated that it intends to attempt to move other suits to Nevada and obviously the United Airlines, the United States, and the overburdened federal court system would benefit greatly if individual trials could be consolidated at least in respect to the central issue of liability. This possibility would be enhanced by transferring this suit between the key parties in the litigation to Nevada, the most logical site for trial, and since we may rely on the individual district judges to protect the interests of the litigants before them, there is no reason why the court below should not employ Section 1404(a) to promote consolidation. Such a useful possibility should be explored by this court.

I would vacate the order of this court and grant the United States a hearing. For this reason I must dissent from the order of the court denying the petition for rehearing.