**GENERAL STEEL TANK COMPANY, Inc., Appellant,**

v.

**Mrs. Charlie W. CONNER and Maxie Conner as Co-Administrators of Charlie W. Conner, Appellees.**

**No. 24898.**

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1967.

Denny C. Galis, Erwin, Birchmore & Epting, Athens, Ga., for appellant.

Guy B. Scott, Jr., Athens, Ga., for appellees.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellees, who are residents of Georgia, qualified in Georgia as administrators of the estate of Charlie W. Conner and thereafter filed this suit

* Of the Third Circuit, sitting by designation.

against appellant, a North Carolina corporation, in the United States District Court for the Middle District of Georgia. As Mr. Conner's death resulted from a collision in North Carolina, appellees' cause of action arose under North Carolina's wrongful death statute. On appeal, it is urged that the district court erred in overruling defendant-appellant's motion for judgment on the pleadings. The question presented is whether North Carolina's wrongful death statute requires that suit be brought by an administrator appointed by a North Carolina court.

In this diversity case, we apply Georgia's conflict-of-laws rule. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Under Georgia law, the substantive aspects of this appeal are governed by North Carolina law. Selma R. & D. R. Co. v. Lacey, 1873, 49 Ga. 106. We shall assume that the capacity to sue under wrongful death statutes is a matter of substance and thus controlled by North Carolina law. See, e. g., Betts v. Southern Ry. Co., 4th Cir. 1934, 71 F.2d 787. The question remains whether North Carolina law bars all suits by foreign administrators.

Although in King v. Cooper Motor Lines, D. Maryland 1956, 142 F. Supp. 405, the district court refused to allow a Maryland administrator to sue under the North Carolina statute in a Maryland court, we find that the North Carolina cases require a locally appointed administrator only when suit is filed in a North Carolina court. See, e. g., Monfils v. Hazlewood, 1940, 218 N.C. 215, 10 S.E.2d 673. That the Supreme Court of North Carolina has never considered the requirement of a local administrator to have extra-territorial effect is perhaps best illustrated by Harrill v. South Carolina & Georgia Extension Ry. Co., 1903, 132 N.C. 655, 44 S.E. 109. In that case, the court held that the South Carolina wrongful death statute, which is much the same as the North Carolina statute, does not preclude an action by a North Carolina administrator in a North Carolina court.

The judgment of the district court is affirmed.