**Ex parte CHAS. PFIZER & CO., Inc., Petitioner.**

**No. 15606.**

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1955.

Ernest P. Rogers, Thomas C. Shelton, Atlanta, Ga., Arthur G. Connolly, Wilmington, Del., Smith, Kilpatrick, Cody, Rogers & McClatchey, Atlanta, Ga. (Thomas Cooch Connolly, Cooch & Bove, Wilmington, Del., of counsel), for petitioner.

Robert B. Troutman, Atlanta, Ga., for respondent.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and CHRISTENBERRY, District Judge.

JONES, Circuit Judge.

On January 11, 1955, United States Patent No. 2,699,054 covering an antibiotic entitled Tetracycline was issued to Chas. Pfizer & Co., Inc., herein called Pfizer. On the same date Pfizer instituted separate suits in the Atlanta Division of the United States District Court for the Northern District of Georgia, against Olin Mathieson Chemical Corporation, The Upjohn Company, and Bristol Laboratories Inc., who will be

referred to herein, collectively, as the defendants, charging infringement of the patent.

A motion was filed in each of the cases by the respective defendants for a transfer of the action under 28 U.S.C.A. § 1404(a), which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Affidavits were filed in support of and in opposition to the motion for transfer, briefs were submitted and oral argument was had. The District Judge, Hon. Boyd Sloan, entered an order on March 17, 1955, in each of the three cases, transferring the actions to the United States District Court for the Southern District of New York. 131 F.Supp. 21. From the orders of transfer appeals were taken of which disposition is made by a separate opinion filed this day. 5 Cir., 225 F.2d 718.

The orders of transfer were interlocutory and not appealable. Crummer Co. v. Du Pont, 5 Cir., 1952, 196 F.2d 468, certiorari denied 344 U.S. 851, 856, 73 S.Ct. 91, 97, 97 L.Ed. 662, 665. Pfizer, correctly surmising that the appeals would be dismissed, filed with this Court a Motion for Leave to File a Petition for a Writ of Mandamus directing Judge Sloan to vacate his orders of transfer. In its motion the movant says:

> "The principal contention of the petitioner is that the transfer order complained of was entered without any showing that the convenience of the parties and witnesses and the interest of justice would be served by such transfer, or that the actions might have been brought in the Southern District of New York, that it was thus entered without jurisdiction and, indeed, that it was an unwarranted renunciation of jurisdiction, which arbitrarily and unjustifiably deprived petitioner of its right to trials in the forum of its choice."

Judge Sloan has filed herein a response with which he has transmitted copies of affidavits, the deposition of L. H. Conover, the patentee, briefs and a transcript of the oral argument before him. The able District Judge recites in his response that no contention was urged before him that the actions might not have been brought in the Southern District of New York, and that there was proof before him that they might have been brought in that District. We are like minded. The Judge says in his response, and his order shows, that he considered the convenience of parties and witnesses and the interest of justice, and in so doing he carefully weighed and balanced the right of the plaintiff to select his forum, the condition of the Court calendars in the two Districts, and other considerations.

The jurisdiction of this Court is invoked under the following Congressional grant:

> "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651(a).

The doubt that may have at one time existed as to whether § 1404(a) liberalized and extended the doctrine of *forum non conveniens* has been nearly if not quite put to rest by Norwood v. Kirkpatrick, decided by a divided court April 11, 1955, 349 U.S. 29, 75 S.Ct. 544, 546, 99 L.Ed. ——. There the Supreme Court quoted with approval from the case of All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, where Judge Goodrich, speaking for the Court en banc, used these words:

> " 'The *forum non conveniens* doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so

completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the *forum non conveniens* doctrine.' "

The Supreme Court, in comparing § 1404(a) with *forum non conveniens* said:

"When Congress adopted § 1404 (a), it intended to do more than just codify the existing law on *forum non conveniens*. As this Court said in Ex parte Collett, 337 U.S. 55–61, 69 S.Ct. 944, 947 [959], 93 L.Ed. 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."

The Supreme Court discussed the application made in the Norwood case before the Third Circuit Court of Appeals in the following language:

"It is conceded by the petitioners that if the district judge was correct in exercising his discretion to transfer these cases under § 1404(a) without regard to the stringent requirements of *forum non conveniens,* then the Court of Appeals properly denied the applications for mandamus and prohibition. Since we agree that the district judge correctly construed the statute in evaluating the evidence, we do not find it necessary to detail the facts considered by him in reaching his judgment. It was correct in law and warranted by the facts."

All of the language last above quoted is as applicable to the case before us as in the case where it was written.

There is some judicial support for the view that a Court of Appeals has no power under § 1651(a) to grant mandamus to review an interlocutory order of transfer. See the concurring opinion of Judge Swan in Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, 332, citing De Beers Consol. Mines v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566. The Eighth Circuit has held that mandamus will not lie to review an order entered under § 1404(a). Carr v. Donohoe, 8 Cir., 1953, 201 F.2d 426.

In the majority opinion of Judge Frank in Ford Motor Co. v. Ryan, supra [182 F.2d 332], it was held that mandamus would lie to review orders of transfer, and that the District Judge must guess and the Court of Appeals "should accept his guess unless it is too wild". By order of the majority of the Court a Writ of Mandamus was issued directing a District Judge to enter an order of transfer in Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299. The more restrictive view is that mandamus does not lie where the District Judge has considered the interest stipulated in the statute and made an order in the exercise of his discretion. Atlantic Coast Line R. Co. v. Davis, 5 Cir., 1950, 185 F.2d 766; All States

Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010; In re Josephson, 1 Cir., 1954, 218 F.2d 174. It is our opinion that, in the absence of a failure of the District Court to correctly construe and apply the statute, or to consider the relevant factors incident to ruling upon a motion to transfer, or unless it is necessary to correct a clear abuse of discretion, a Court of Appeals should not entertain motions for Writs of Mandamus to direct District Courts to enter or vacate orders of transfer under § 1404(a).

 We shall not attempt to recite the facts nor to weigh and balance the factors which the District Court was required to consider in reaching its decision. All necessary facts and factors were considered by the District Court. The statute was properly construed. No abuse of discretion is shown.

The Motion for Leave to File a Petition for a Writ of Mandamus is denied.