**HUMBLE OIL & REFINING COMPANY**
and Cargo Carriers, Inc., Appellants,

v.

**BELL MARINE SERVICE, INC.,**
Appellee.

No. 20132.

United States Court of Appeals
Fifth Circuit.

July 26, 1963.

See also 306 F.2d 567.

Joseph Newton, James K. Nance, Houston, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., Richard H. Brown, Jr., Kirlin, Campbell & Keating, New York City, of counsel, for appellants.

John K. Meyer, Hinds & Meyer, Houston, Tex., for appellee.

Before HUTCHESON, GEWIN, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This appeal is from the denial by the District Court of motions of claimants to transfer a limitation of liability proceeding [1] from the United States District Court for the Southern District of Texas to the United States District Court for the Eastern District of Louisiana under Admiralty Rule 54. This rule, in pertinent part, provides:

" * * * The District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties. * * *."

The limitation proceeding, of necessity, was filed in the Texas Court. The Tug ISABEL S. GARRETT, the vessel involved, was in that district. It had not been libeled, and no suit had been filed against its owner.[2] The filing was during the six months limitation period, September 30, 1961.[3] Appellants filed claims in that proceeding in November 1961, and motions to transfer in January 1962. The motions were denied on February 21, 1962. The District Court also declined to certify the order of denial for interlocutory appeal as a controlling question of law pursuant to 28 U.S.C.A. § 1292(b).

Thereupon appellants petitioned this court for a writ of mandamus directing the District Judge to enter the order of transfer sought. This court denied leave to file the petition for the writ, without prejudice however to the rights of the parties to pursue steps leading to an interlocutory appeal under 28 U.S.C.A. § 1292(b). The court thought it inappropriate to determine the propriety of the order denying transfer in the context of a mandamus proceeding[4] until such time as it was finally determined that there was no other way to review the denial of transfer, and suggested that

1. Filed pursuant to 46 U.S.C.A. §§ 183 et seq., and Admiralty Rules 51–54.

2. Admiralty Rule 54:
"The said petition shall be filed and the said proceeding had in any District Court of the United States in which said vessel has been libeled to answer for any claim in respect to which the petitioner seeks to limit liability; or, if the said vessel has not been libeled, then in the District Court for any district in which the owner has been sued in respect to any such claim. When the said vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner, the said proceedings may be had in the District Court of the district in which the said vessel may be, but if said vessel is not within any district and no suit has been commenced in any district, then the petition may be filed in any District Court. * * *"

3. The six months limitation period runs from the date that written notice of a claim is filed with the owner. 46 USCA § 185. The record does not demonstrate when the claims were filed. The petition was in fact filed on or about the last day of the six months period following the collision in question.

4. The power to grant such extraordinary writs is sparingly exercised, and usually only when the District Court has exceeded or refused to exercise its jurisdiction, or where appellate review will be defeated if the writ does not issue. They may not be used to thwart the congressional policy against piecemeal appeals. See Ex parte Fahey, 1947, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Maryland v. Soper, 1926, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449; Parr v. United States, 1956, 351 U.S. 513, 76 S.Ct. 912, 100 L..

the matter might be resubmitted to the District Court for reconsideration on the merits, or on the desirability of certifying the question as an interlocutory appeal under § 1292(b), supra. In Re Humble Oil & Refining Company, 5 Cir., 1962, 306 F.2d 567.

Upon remand the District Judge again denied the motion to transfer, but certified the question under § 1292(b) as had been suggested.[5]

This matter arises out of a collision on the Mississippi River. The Tug ISABEL S. GARRETT departed Delcambre, Louisiana on March 28, 1961, towing the loaded salt barges L–1 and M–65 for Cargo Carriers, Inc., and arrived in Baton Rouge, Louisiana on March 30. The barges were moored by the crew of the tug at a location known as Jackson's Landing, operated by Jackson Marine Co., Inc., and serviced by the Tug JOHN E. COON, owned by Baton Rouge Coal & Towing Company. During that night these two unmanned and unlighted barges went adrift from the landing and collided several miles down river with the SS ESSO ZURICH, owned by Humble Oil & Refining Co., at 3:32 A.M. Both barges were sunk and the ESSO ZURICH was damaged.

Bell Marine Service, Inc., appellee here, as owner of the tug, then filed the petition for exoneration from or limitation of its liability. The District Court issued the customary restraining order against the prosecution of suits elsewhere against Bell or the ISABEL S. GARRETT. In response to the limitation petition Humble filed a claim for damages to the ESSO ZURICH, and Cargo Carriers filed for its contingent liability to third parties for damages arising from the collision.

According to the sworn allegations of the limitation petition, the fault in letting the barges go adrift from Jackson's Landing, if any, was that of Cargo Carriers, Inc., which had general supervision of the entire operation, Jackson Marine Co., Inc., the Tug JOHN E. COON, and Baton Rouge Coal & Towing Company, or one or more of them. The Tug JOHN E. COON, Baton Rouge Coal & Towing Company, and Jackson Marine Co., Inc., as well as the wrecks of the Barges M–65 and L–1, were all situated in the Eastern District of Louisiana, and were not amenable to the process of the United States District Court for the Southern District of Texas. Humble thereafter filed its libel against Cargo Carriers, the Tug JOHN E. COON, Baton Rouge Coal & Towing Company, Jackson Marine Co., Inc., the Barges M–65 and L–1, and five of Bell's underwriters in the United States District Court for the Eastern District of Louisiana, New Orleans Division. Bell could not be named as a party to this Louisiana suit because of the

---

Ed. 1377; and LaBuy v. Howes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; all cited in Wright, Interlocutory Appeals Act of 1958, 23 F.R.D. 199, Baron & Holtzoff, Federal Practice and Procedure (Wright Ed.), Vol. 1, § 58.1. It is there noted that LaBuy, involving an appeal by way of mandamus of an order referring a cause to a master, has been interpreted as meaning that extraordinary writs are to be more freely available.

5. This court made the same suggestion on another occasion where a motion to transfer was granted. Ex parte Deepwater Exploration Co., 5 Cir., 1958, 260 F.2d 546. The District Court refused to certify the question, citing the congressional history of the Interlocutory Appeals Act as authority. Deepwater Exploration Co. v. Andrew Weir Ins. Co., E.D.La., 1958, 167 F.Supp. 185. This court then granted leave to file the petition for the writ. 5 Cir., 260 F.2d 546, 547. Thus, the decision in this case when last here, and that case stand as physical precedents for § 1292(b) handling of transfer motions. However, the question has not been, nor is it now, before this court in an adversary proceeding and a determination of whether the District Court opinion in Deepwater correctly states the law must await a proper case on another day. § 1292(b) was used in Goldlawr, Inc. v. Heiman, 2 Cir., 1961, 288 F.2d 579; and Lewis v. Hogwood, 1962, 112 U.S.App. D.C. 105, 300 F.2d 697, transfer cases involving jurisdictional questions as distinguished from mere questions of discretion.

Texas District Court restraining order.[6] The underwriters were made respondents under the Louisiana Direct Action Statute. LSA–R.S. 22:655.

The relevant considerations, among others, which support the denial of transfer were that three members of the crew of the Tug ISABEL S. GARRETT were to be used as witnesses by Bell. They were residents of the State of Texas, no longer employed by Bell or under its control, and none were subject to compulsory process in Louisiana and thus Bell on transfer would be unable to present live witnesses. They were named, and their probable testimony, which appeared crucial, was described in an affidavit. This was also true as to another witness of Bell's, its former port captain. Two of the three parties, Bell and Humble, had principal offices in Houston, Texas and no party had its principal office in Louisiana. Officers of Bell and Humble resided in Texas, and no officer of any party resided in Louisiana. The Tug ISABEL S. GARRETT was registered in Houston, and the ESSO ZURICH was registered in the port of Wilmington, Delaware. Only one of Humble's witnesses resided in Louisiana, the rest residing in other states including Texas. The evidence of damage to Humble's vessel would come from Florida.

On the other hand, the manager of Cargo Carriers was in Louisiana and he stated that its witnesses were in Louisiana but he neither named them nor described their testimony. The damaged vessel of Humble, the ESSO ZURICH, at the time of the collision was under the conn of a Louisiana pilot. She called at Houston as well as Louisiana ports. And, of course, the related litigation was pending in Louisiana with the attendant savings in time and cost if there could be a consolidated trial.

In addition to these factors, the court considered that the limitation proceeding was brought in the Texas court and accorded a presumption in favor of that forum, venue having been first laid there. We treat this as a burden of proof question rather than one of a presumption. Bell, under the rule and the facts appertaining, had no choice of venue. But, of course, he who seeks the transfer must show good cause. Appellants could have selected the forum by libeling the vessel while it was in another district, or by filing suit against Bell in Louisiana. Not having done so, the burden was cast upon them to show good cause for the transfer.

Whether or not the transfer was indicated was a matter to be weighed and decided by the District Judge in his discretion upon a consideration of all of the factors. See Norwood v. Kirkpatrick, 1954, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; and Ex parte Chas. Pfizer & Co., 5 Cir., 1955, 225 F.2d 720, on transfers under § 1404(a). See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, a *forum non conveniens* case, for a compilation of factors which may be involved in determining the transfer question, although the avoidance of dismissal through § 1404(a) lessens the weight to be given the choice of forum factor, and to that extent broadens the discretion of the District Court. Here Admiralty Rule 54 rather than § 1404(a) applied but transfer under that rule is also discretionary. Petition of Clipper Fishing Corporation, S.D.N.Y., 1958, 168 F.Supp. 130. In Chas. Pfizer & Co., a mandamus proceeding, we said:

"  *   *   *  in the absence of a failure of the District Court to correctly construe and apply the statute, or to consider the relevant factors incident to ruling upon a motion to transfer, or unless it is necessary to correct a clear abuse of discretion, a Court of Appeals should not entertain motions for Writs of Mandamus to direct District Courts to enter or vacate orders of transfer under § 1404(a)."

6. Bell was amendable to suit in Louisiana by virtue of the Louisiana non-resident water craft statute, LSA–R.S. § 13:3479.

And we apply the same rule to a review of the denial of a transfer where the question is certified by way of the Interlocutory Appeals Statute, § 1292(b), supra, and this would include the application of an improper standard to one or more of the factors by way of over or under valuation. The question then is did the District Court incorrectly construe or apply the statute, or rule as here, or fail to properly consider the relevant factors incident to the motion, or abuse its discretion in denying the transfer. We think not.

We are cognizant of the pending litigation in New Orleans brought by Humble and in which the underwriters of Bell, and all other parties in any way involved with the collision except Bell are defendants. There is now pending in our court a petition seeking mandamus to direct the District Court in New Orleans to stay the proceeding there as against the underwriters on the contention *inter alia,* of the underwriters that Bell's insurance coverage will be exhausted if that suit proceeds to termination prior to this limitation proceeding. Whether the Louisiana litigation should be stayed is not before us for decision. We are testing only the action of the Texas District Court, and it is clear that there was no abuse of discretion in denying the transfer order. We treat the presumption accorded by the District Court to retention of jurisdiction in that court as no more than casting the burden of proof on appellants, and hold that there was no misconstruction or misapplication of the rule or failure to consider or improper consideration of the relevant factors. It was a matter to be weighed by the District Court. Heavy weight was given to the matter of Bell having its witnesses available, and the conclusion was that the showing of inconvenience by appellants was insufficient. We will not disturb that conclusion.

Having said and held that, we think it not inappropriate to comment that some consideration might soon be given to reaching the merits of this matter. It has been pending for nearly two years.

This is its second appearance in this court on the question of transfer. The litigation in Louisiana has been before the District Court on interlocutory matters. Humble Oil & Refining Company v. M/V John E. Coon, E.D.La., 1962, 207 F.Supp. 45. Some of the questions there presented are now pending in this court on petitions for leave to file applications for writs of mandamus. Ex parte Tokio Marine and Fire Insurance Company, Ltd., No. 20225, and Ex parte Aetna Casualty and Surety Company, No. 20226. The merits of the case seem to be indeterminably caught up in a web of procedural matters in complete opposition to the purpose, design and spirit of the statutes and rules involved.

The judgment is affirmed. The mandate shall issue forthwith.