PER CURIAM: *
Petitioners Volkswagen AG and Volkswagen of America, Inc. (collectively, “Volkswagen”) seek a writ of mandamus, contending that the district court abused its discretion in denying Volkswagen’s motion to transfer venue from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas.
“Mandamus is an extraordinary writ ... and is not a substitute for an appeal. We will issue the writ only ... when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court.” In re Chesson, 897 F.2d 156, 159 (5th Cir.1990). Further, “[t]he district court has broad discretion in deciding whether to order a [venue] transfer.” Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir.1987).
Although Volkswagen argues that this case “presents a virtual replay” of a case in which the writ was issued to correct errors in a district court’s venue transfer analysis, In re Volkswagen AG, 371 F.3d 201 (5th Cir.2004), that case is distinct. First, the district court in In re Volkswagen improperly failed to consider the convenience of parties and witnesses to the defendants’ third-party claims. Id. at 204-OS. By contrast, the court here did not exclude the convenience of any party or witness from its consideration. Second, the approximately 400 miles that the parties and witnesses in In re Volkswagen would have had to travel to reach the plaintiffs’ chosen venue is far greater than the roughly 150 miles involved here. Third, the court in In re Volkswagen determined that the third-party defendant would be inconvenienced by having to travel that distance, id., whereas the third-party defendant in this case has stated that maintenance of the action in the Marshall Division of the Eastern District of Texas is not inconvenient. Finally, the In re Volkswagen court erred by considering the convenience of counsel, id. at 206, which is not a proper factor in the venue transfer analysis and was not considered in this case.
The district court here did not clearly and indisputably abuse its discretion in denying Volkswagen’s motion to transfer venue, and we are thus unwilling to substi *307 tute our own balancing of the transfer factors for that of the district court.
IT IS ORDERED that the petition for writ of mandamus is DENIED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.