REVISED OCTOBER 25, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

No. 07-40058

Charles R. Fulbruge III
Clerk

In Re: VOLKSWAGEN OF AMERICA INC, a New Jersey Corporation;
VOLKSWAGEN AG, a foreign corporation organized under the laws of
Germany

Petitioners

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:06-CV-222

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Petitioners Volkswagen AG and Volkswagen of America, Inc. (collectively, "Volkswagen"), defendants in the Marshall Division of the Eastern District of Texas, seek a writ of mandamus directing the district court to transfer this case to the Dallas Division of the Northern District of Texas, where the automobile accident and the injuries to the parties occurred. The plaintiffs exercised their privilege to choose the Marshall Division as the forum for their case, but Marshall has no connection to the parties or the facts of the case. For the reasons presented below, we grant Volkswagen's petition for a writ of mandamus and remand with instructions to transfer the case to the Northern District of Texas, Dallas Division.

I.

On the morning of May 21, 2005, a Volkswagen Golf automobile was struck from behind and propelled rear-first into a flat-bed trailer parked on the shoulder of a freeway in Dallas, Texas. Ruth Singleton was driving the Volkswagen Golf. Richard Singleton was a passenger. Mariana Singleton, Richard Singleton and Ruth Singleton's granddaughter, was also a passenger. Richard Singleton was seriously injured in the accident. Mariana Singleton died as result of her injuries.

Richard Singleton, Ruth Singleton, and Amy Singleton (Mariana's mother) filed suit against Volkswagen in the Marshall Division of the United States District Court for the Eastern District of Texas ("Marshall Division"). The complaint alleged that design defects in the Volkswagen Golf caused Richard's injuries and Mariana's death. Volkswagen filed a third-party complaint against the driver of the vehicle that struck the Singletons, alleging that the Singletons had the ability to sue him but did not, and that his negligence was the only proximate cause of the damages.

Pursuant to 28 U.S.C. § 1404(a), Volkswagen moved to transfer venue to the Dallas Division of the Northern District of Texas ("Dallas Division"). Volkswagen asserted that a transfer was warranted as (1) the Volkswagen Golf was purchased in Dallas County, Texas; (2) the accident occurred on a freeway in Dallas, Texas; (3) Dallas residents witnessed the accident; (4) Dallas police and paramedics responded and took action; (5) a Dallas doctor performed the autopsy; (6) the third-party defendant lives in Dallas County, Texas; (7) none of the plaintiffs live in the Marshall Division; (8) no known party or significant non-party witness lives in the Marshall Division; and (9) none of the facts giving rise to this suit occurred in the Marshall Division. The district court denied the motion, holding that Volkswagen had not satisfied its burden of showing that the balance of convenience and justice weighs substantially in favor of transfer.

Volkswagen then filed a motion for reconsideration, arguing that the district court gave inordinate weight to the plaintiffs' choice of forum and that the district court failed properly to weigh the venue transfer factors. The district court also denied the motion for reconsideration, for the same reasons presented in its denial of Volkswagen's motion for transfer.

Volkswagen then petitioned this court for a writ of mandamus. In a per curiam opinion, a divided panel of this court denied the petition and declined to issue a writ. In re Volkswagen of Am. Inc., 223 Fed. App'x 305 (5th Cir. Feb. 13, 2007). The panel majority held that the district court did not abuse its discretion in denying Volkswagen's motion to transfer. Judge Garza wrote a dissenting opinion, noting that "[t]he only connection between this case and the Eastern District of Texas is plaintiffs' choice to file there; all other factors relevant to transfer of venue weigh overwhelmingly in favor of the Northern District of Texas." Id. at 307 (Garza, J., dissenting).

Volkswagen filed a petition for rehearing en banc. The original panel interpreted the petition for rehearing en banc as a petition for panel rehearing, granted it, withdrew its decision, and directed the Clerk's Office to schedule the petition for oral argument. This panel then heard oral argument on the issues raised for review.

II.

"Mandamus is an extraordinary writ. It . . . is not a substitute for an appeal. We will issue the writ only in the absence of other adequate remedies when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." In re Chesson, 897 F.2d 156, 159 (5th Cir. 1990). However, although "few litigants have surmounted the formidable obstacles and secured the writ," this court has "recognized the availability of mandamus as a limited means to test the district court's

discretion in issuing transfer orders." In re Horseshoe Entm't, 337 F.3d 429, 432 (5th Cir. 2003) (internal quotations omitted). We have enumerated standards for determining the propriety of a district court's ruling on a motion to transfer under § 1404(a), and it is these standards that determine the issues raised on appeal in this case.

The Pfizer standards for determining the propriety of a district court's ruling on a motion to transfer ask: (a) Did the district court correctly construe and apply the relevant statutes; (b) Did the district court consider the relevant factors incident to ruling upon a motion to transfer; and (c) Did the district court abuse its discretion in deciding the motion to transfer. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter In re Volkswagen I]; Ex parte Chas. Pfizer & Co., 225 F.2d 720, 723 (5th Cir. 1955).

The Pfizer standards require a careful review of "the circumstances presented to and the decision making process used by" the district court. In re Horseshoe, 337 F.3d at 432. The standards do not allow us to replace the district court's exercise of discretion with our own. Indeed, we will issue a writ only when there is an abuse of discretion. In re Volkswagen I, 371 F.3d at 203. But, again, the Pfizer standards do require a careful review of the district court's exercise of its discretion.

### III.

The preliminary question under the change of venue statute, 28 U.S.C. § 1404, is whether the suit could have been filed originally in the destination venue. Id. Volkswagen seeks to transfer this case to the Dallas Division of the Northern District of Texas. There is no question but that this suit originally could have been filed in the Dallas Division. See 28 U.S.C. § 1391.

Further, provisions of § 1404(a) state that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). Our precedents indicate that, when considering a § 1404 motion to transfer, a district court should consider a number of private and public interest factors, "none of which can be said to be of dispositve weight." Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004).[1] The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen I, 371 F.3d at 203 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." Id.

It is also clear that a plaintiff's choice of forum is one of the several factors to be considered under the § 1404(a) venue transfer analysis. Ex parte Chas. Pfizer & Co., 225 F.2d at 722; In re Horseshoe, 337 F.3d at 434. We address this consideration first, and then address the private and public interest factors presented above.

## A.

Volkswagen argues that the district court abused its discretion by applying the wrong legal standard when, giving plaintiffs' choice of forum an elevated status, it stated that the moving party must show that the balance of convenience and justice substantially weighs in favor of transfer. This standard,

---

[1] While we have not indicated that the factors that we have enumerated are exhaustive or exclusive, the failure to follow with some precision the test we have set out necessarily produces inconsistent results in this Circuit. Absent exceptional circumstances, the district courts of the Fifth Circuit must consider motions to transfer under the rubric we have provided.

Volkswagen argues, reflects the much stricter forum non conveniens dismissal standard, and it is inappropriately applied in the § 1404(a) context. We agree.

The role of the plaintiff's choice of forum in the venue transfer analysis has not been clearly specified in our recent § 1404(a) cases. Indeed, the venue transfer factors that we have adopted do not include a consideration of the plaintiff's choice of forum at all, as these factors address only the convenience of parties and witnesses and the interests of justice. Our earlier § 1404(a) cases, however, specified the appropriate role of the plaintiff's choice of forum in the venue transfer analysis.

In Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., we noted that a plaintiff's choice of forum is to be treated "as a burden of proof question rather than one of a presumption." 321 F.2d 53, 56 (5th Cir. 1963); see also Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). The weight given to a plaintiff's choice of forum, then, corresponds with the burden that a moving party must meet to demonstrate that a transfer should be granted under § 1404(a).

We now turn to consider the cases that address the appropriate weight to be given to a plaintiff's choice of forum.

In Veba-Chemie A.G. v. M/V Getafix, we explained that the "heavy burden traditionally imposed upon defendants by the forum non conveniens doctrine—dismissal permitted only in favor of a substantially more convenient alternative—was dropped in the § 1404(a) context." 711 F.2d 1243, 1247 (5th Cir. 1983) (emphasis added). We also have repeatedly acknowledged the Supreme Court's directive that § 1404(a) was "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than that required in the

forum non conveniens context.[2] We therefore hold that the district court erred in requiring Volkswagen to show that the balance of convenience and justice substantially weighs in favor of transfer.

Establishing only this point, however, leaves us without a dismissal standard; we must still determine the proper degree of deference to be given to a plaintiff's choice of forum.

We have, as outlined below, several conflicting panel opinions addressing the proper degree of deference to be given to a plaintiff's choice of forum. When panel opinions appear to conflict, this court must follow the earlier opinion. Modica v. Taylor, 465 F.3d 174, 183 (5th Cir. 2006). But dicta, of course, is not binding authority. United States v. Barnes, 761 F.2d 1026, 1033 n.14 (5th Cir. 1985).

In our earliest case mentioning a defined weight to be given a plaintiff's choice of forum in the § 1404(a) context, Rodriguez v. Pan Am. Life Ins. Co., we noted that a plaintiff's choice of forum is "highly esteemed." 311 F.2d 429, 434

---

[2] Norwood, 349 U.S. 29, 32 (1955); see, e.g., Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of Am., Div. No. 1127 v. S. Bus Lines, 172 F.2d 946, 948 (5th Cir. 1949) (noting that forum non conveniens "[d]ismissal for inconvenience is not to be visited except when the choice of forum is a real hardship, or an imposition on the court. But here again we meet the Revision of Title 28 . . . . Transfer is a less drastic matter than dismissal, for it involves no loss of time or pleading or costs; and no doubt a broader discretion may be exercised in ordering it."); Ex parte Chas. Pfizer, 225 F.2d at 722 (5th Cir. 1955) (noting that the "doubt that may have at one time existed as to whether § 1404(a) liberalized and extended the doctrine of forum non conveniens" has been put to rest by the Supreme Court in Norwood.); Humble Oil, 321 F.2d at 56 (5th Cir. 1963) (noting that the "avoidance of dismissal through § 1404(a) lessens the weight to be given the choice of forum factor, and to that extent broadens the discretion of the District Court"); Dubin v. United States, 380 F.2d 813, 816 (5th Cir. 1967) ("Its purpose is to determine the most convenient forum from among two or more possibly correct ones. In substance, § 1404 is the statutory enactment of the doctrine of forum non conveniens tempered to allow transfer rather than dismissal."); Ellis v. Great Sw. Corp., 646 F.2d 1099, 1103 n.4 (5th Cir. 1981) ("Section 1404(a) is a revision rather than just a codification of forum non conveniens. It permits federal courts to grant transfers on a lesser showing than is required under the common law doctrine and there is no need for pleadings or documents to be refiled in the transferee court. The relevant factors, however, are the same.").

(5th Cir. 1962) (noting also that "transfers to other federal courts are quick and ready tools for our trial courts under 28 U.S.C. § 1404(a)"), vacated on other grounds by Pan-Am. Life Ins. Co. v. Rodriguez, 376 U.S. 779 (1964). Rodriguez, however, is a forum non conveniens case. Id. at 432. We have found two other Fifth Circuit cases that, citing Rodriguez, note that a plaintiff's choice of forum is highly esteemed: Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966), and Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

In Humble Oil, a case that followed Rodriguez by less than a year, we noted that, in contrast to the forum non conveniens context, "the avoidance of dismissal through § 1404(a) lessens the weight to be given the choice of forum factor" and that "he who seeks the transfer must show good cause." 321 F.2d at 56. We further noted that the deference owed the plaintiff's choice of forum did "no more than cast[] the burden of proof" on the moving party. Id. at 57. Humble Oil involved a motion for transfer under the now-amended Admiralty Rule 54. The portion of the rule under consideration provided that a district court "may, in its discretion, transfer the proceedings to any district court for the convenience of the parties." Id. at 54. The Humble Oil court referenced and applied § 1404(a) analysis as the admiralty rule, like § 1404(a), provided for a discretionary transfer. Id.

This court has also held that "unless the balance is strongly in favor of the defendant" the plaintiff's choice should rarely be disturbed. This formulation first appeared in Marbury-Pattillo Constr. Co. v. Bayside Warehouse Co., 490 F.2d 155, 158 (5th Cir. 1974). In Bayside Warehouse we referred to a 1947 Supreme Court case and observed that "[i]n Gulf Oil Corp. v. Gilbert, the Supreme Court elucidated upon the factors justifying a Section 1404(a) change of venue, but it was careful to point out that '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum shall rarely be disturbed.'" Id. (internal citation omitted). Bayside Warehouse is a §1404(a) case. But

Gilbert, which was cited for the proposition that the balance must "strongly favor" the defendant, is not a § 1404(a) case. In fact, Gilbert is a forum non conveniens case, and it was decided in 1947, before Congress had even enacted § 1404(a). See Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). Bayside Warehouse, then, is grounded in an error, or at least in an unexplained conflation of the forum non conveniens analysis with that appropriate to § 1404(a). And this conflation seems to directly contradict the Supreme Court's directive that § 1404(a) was "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than that required in the forum non conveniens context. Norwood, 349 U.S. at 32. We have found one other Fifth Circuit case that, citing Bayside Warehouse, notes that a plaintiff's choice of forum is strongly favored: In re McDonnell-Douglas Corp., 647 F.2d 515, 517 (5th Cir. 1981).

Again, when panel opinions appear to conflict, this court must follow the earlier opinion. Modica, 465 F.3d at 183. But dicta, as we have noted, is not binding authority. Barnes, 761 F.2d at 1033 n.14. The discussion of § 1404(a) presented in Rodriguez is dicta, as the case was decided on forum non conveniens grounds. The discussion of § 1404(a) presented in Humble Oil is arguably dicta, as Admiralty Rule 54 applied rather than § 1404(a). But removing the discussion of § 1404(a) from Humble Oil would leave no basis for the decision reached by the Humble Oil court. Further, the language of the two rules is indistinguishable in any relevant way. This being so, we understand this panel to be bound by the Humble Oil decision. And as Humble Oil preceded Bayside Warehouse, to the extent that these two opinions conflict, we again find ourselves bound by Humble Oil.

Apart from the rules governing controlling decisions, we are assured in this holding by additional considerations. First, the "highly esteemed" and "strongly favored" standards referenced above each suffer from significant

defects. "Highly esteemed" is so vague as to be unworkable. "Strongly favored," though not vague as a statement, would have to be understood in the light of the Supreme Court decision in Norwood, which provided that § 1404(a) was "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than that required in the forum non conveniens context. 349 U.S. at 32. We would therefore have to give content to "strongly favored" without referencing the distinction between change of venue cases and the forum non conveniens cases from which the standard derives. This consideration, then, renders "strongly favored" vague in the context of applying § 1404(a).

Second, and more generally, under either of these standards, we would need to reconcile the content that might be given to these standards with our holding that "dismissal permitted only in favor of a substantially more convenient alternative—was dropped in the § 1404(a) context," Veba-Chemie A.G., 711 F.2d at 1247 (emphasis added), and with our holding that "broader discretion" is to be exercised in the § 1404(a) context than in the forum non conveniens context, S. Bus Lines, 172 F.2d at 948, and with our holding that "§ 1404(a) liberalized and extended the doctrine of forum non conveniens," Ex parte Chas. Pfizer, 225 F.2d at 721. In sum, we would not survive a walk through the legal minefield of trying to reconcile either the "highly esteemed" or "strongly favored" standards—which are derived primarily from forum non conveniens cases—with the language of § 1404(a), which provides for transfer "[f]or the convenience of parties and witnesses, in the interest of justice."

Third, and consequently, the standard presented in Humble Oil is most consistent with the language and with the intended purpose and effect of § 1404(a), which simply provides that a district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice."[3]

---

[3] See Norwood, 349 U.S. at 31 ("'The forum non conveniens doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen

We agree, then, with the contention that the district court erred in requiring Volkswagen to show that the balance of convenience and justice substantially weighs in favor of transfer. Plaintiff's choice of forum is entitled to deference. Indeed, this deference establishes the burden that a moving party must meet in seeking a § 1404(a) transfer. But the appropriate standard for this burden is that established by Humble Oil. Namely, a party seeking a transfer "must show good cause." When viewed in the light of § 1404(a), to show good cause means that a moving party must demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered.

---

by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the forum non conveniens doctrine.'" (emphasis added) (quoting All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952))); see also Van Dusen v. Barrack, 376 U.S. 612, 622, 624, 636-37 (1964) ("'The idea behind § 1404(a) is that where a "civil action" to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court.' This remedial purpose—the individualized, case-by-case consideration of convenience and fairness—militates against restricting the number of permissible forums within the federal system . . . . The power to defeat a transfer to the convenient federal forum should derive from rights and privileges conferred by federal law and not from the deliberate conduct of a party favoring trial in an inconvenient forum . . . . We believe, therefore, that both the history and purposes of § 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms." (emphasis added) (quoting Cont'l Grain Co. v. The Barge FBL-585, 364 U.S. 19, 26 (1960))); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981) ("The statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." (quoting Van Dusen, 576 U.S. at 613)).

Nevertheless, we sympathize with the district court in the instant case because our precedents have not been the model of clarity. Thus, although we hold that the district court erroneously applied the stricter forum non conveniens dismissal standard, we need not decide whether this error alone warrants mandamus relief in this case, as we decide this petition on other grounds.

B.

Volkswagen also argues that the district court abused its discretion in failing properly to consider and apply the private and public interest factors. Specifically, Volkswagen argues that, although the district court correctly enumerated these factors, the court abused its discretion by failing meaningfully to analyze and weigh them. We agree, for the reasons given below.[4]

1.

The first private interest factor to be considered is the relative ease of access to sources of proof. The district court observed that all of the documents and physical evidence relating to the accident are located in the Dallas Division. The district court found, however, that this factor does not weigh in favor of transfer as this factor has become less significant within venue transfer analysis because of advances in copying technology and information storage. Volkswagen asserts that this approach unilaterally reads the sources of proof requirement out of the § 1404(a) analysis, and this despite the fact that this court has recently reiterated that this factor is to be considered. See In re Volkswagen I, 371 F.3d at 203 (listing factors and citing cases).

---

[4] We address only the private and public interest factors that are contested by the parties. Several of the factors clearly weigh neither for nor against transfer, as the parties acknowledge and as is often the case.

The district court was certainly correct that advances in copying technology and information storage affect the access to sources of proof, and that district courts should consider the actual convenience or inconvenience of accessing sources of proof. But, that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous. Here, all of the documents and physical evidence relating to the accident are located in the Dallas Division, as is the collision site. The district court erred in applying this factor because it does weigh in favor of transfer, although its precise weight may be subject to debate.

The second private interest factor to be considered is the availability of compulsory process to secure the attendance of witnesses. The district court observed that its subpoena power of non-party witnesses would be subject to motions to quash. As in In re Volkswagen I, the non-party witnesses located in the city where the collision occurred "are outside the Eastern District's subpoena power for deposition under FED. R. CIV. P. 45(c)(3)(A)(ii)." Id. at 205 n.4. And any "trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under FED. R. CIV. P. 45(c)(3)." Id. All of the witnesses in this case reside more than 100 miles from the Marshall Division. The district court discounted its lack of absolute subpoena power based on its ability to deny a motion to quash and ultimately to compel the attendance of third-party witnesses found in Texas, subject to reasonable compensation.

Volkswagen asserts that the district court's analysis falls short. We agree. A proper venue that does enjoy absolute subpoena power for both depositions and trial—the Dallas Division—is available. As we noted above, and as § 1404 clearly indicates, venue transfer analysis is concerned with convenience. That the district court can deny any motions to quash does not address concerns regarding the convenience of parties and witnesses. Indeed, this rationale

simply asserts that a district court, at some burden to the parties, will likely be able to enforce an option that is inconvenient to witnesses. This factor, then, also weighs in favor of transfer.

The third private interest factor is the cost of attendance for willing witnesses. The district court noted that Volkswagen did not submit sufficient information for the court to determine which of its witnesses were "key" witnesses whose convenience was more important. The district court also noted that given the proximity of Dallas, where all witnesses reside, to the Marshall Division, the cost of having witnesses attend a trial in Marshall would be minimal. The district court consequently found that this factor does not weigh in favor of transfer.

Volkswagen, however, submitted a list of potential witnesses that included the third-party defendant, accident witnesses, accident investigators, treating medical personnel, and the medical examiner—all of whom reside in Dallas. Volkswagen also submitted two affidavits, one from an accident witness and the other from the accident investigator, that stated that traveling to the Marshall Division would be inconvenient. Volkswagen also asserts that the testimony of these witnesses, including an accident witness and an accident investigator, is critical to determining causation and liability in this case. It would certainly appear that these witnesses are important to Volkswagen's case.

In In re Volkswagen I we set a 100-mile threshold as follows: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–05.[5] We said, further, that it is an "obvious conclusion" that it is

---

[5] The Singletons argue that Jarvis Christian Coll. v. Exxon Corp. indicates that 150 miles is not substantial. 845 F.2d 523, 528 (5th Cir. 1988). In Jarvis Christian, this court

more convenient for witnesses to testify at home and that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which fact witnesses must be away from their regular employment." Id. at 205. The district court abused its discretion by ignoring the 100-mile rule. The court did note, however, that Dallas is approximately 155 miles from the Marshall Division. Given the rule established in In re Volkswagen I, it is clear that this factor favors transfer.

2.

The only contested public interest factor is the local interest in having localized interests decided at home. Regarding this factor, the district court stated: "There is a local interest in resolving this litigation among the residents of the Dallas Division . . . because the automobile accident occurred there. Furthermore, because the Defendant has brought a third-party claim against . . . [a Dallas resident], residents of the Dallas Division . . . have an interest in a case involving one of their fellow residents that arose out of an accident within the [Dallas] Division. As the Plaintiffs point out, however, the citizens of Marshall also have an interest in this product liability case because the product is available in Marshall. Therefore, this factor is neutral."

Further, with respect to the unfairness of burdening citizens in an unrelated forum with jury duty,[6] the district court noted that although the

---

declined to vacate a venue transfer because the defendant would have had to travel 203 miles. Id. Jarvis Christian did not discuss witness inconvenience.

[6] The private and public interest factors that we have adopted for venue transfer analysis were first presented in a forum non conveniens case. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981) (listing the same factors for forum non conveniens analysis). As presented in Gilbert and Piper Aircraft, the public interest factors included a factor not reflected in all of the opinions of this court: the unfairness of burdening citizens in an unrelated forum with jury duty. See Gulf Oil,

accident occurred in the Dallas Division, the citizens of Marshall would be interested to know whether there are defective products offered for sale in close proximity to the Marshall Division and whether they are being exposed to these products. The district court therefore held that this factor weighs against transfer.

These findings stand in stark contrast to our analysis in In re Volkswagen I. There, under virtually indistinguishable facts, we held that this factor weighed heavily in favor of transfer. In re Volkswagen I, 371 F.3d at 205-06. Here again, this factor weighs heavily in favor of transfer: the accident occurred in the Dallas Division,[7] the witnesses of the accident live and are employed in the Dallas Division, Dallas police and paramedics responded and took action, the Volkswagen Golf was purchased in Dallas County, the wreckage and all other evidence are located in Dallas County, two of the three plaintiffs live in the Dallas Division (the third lives in Kansas), and the third-party defendant lives in the Dallas Division. Indeed, there is no relevant factual connection to the Marshall Division.

The district court's provided rationales—that the citizens of Marshall have an interest in this product liability case because the product is available in Marshall, and that for this reason jury duty would be no burden—stretch logic

---

330 U.S. at 508-09; see also Piper Aircraft, 454 U.S. at 241 n.6. We have, however, acknowledged that this concern is relevant to § 1404(a) analysis. Koehring Co. v. Hyde Constr. Co., 324 F.2d 295, 296 (5th Cir. 1963) (noting that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation"); In re Volkswagen I, 371 F.3d at 206 (same). We now incorporate this concern into the factor now under consideration.

[7] The district court, introducing a distinct factor not provided by this court's § 1404(a) cases, noted that the place of the alleged wrong is in the Dallas Division and that this factor weighed slightly in favor of transfer. The place of the alleged wrong is a consideration that properly can be considered within the analysis of the local interest in having localized interests decided at home.

in a manner that eviscerates the public interest that this factor attempts to capture. The district court's provided rationales could apply to virtually any judicial district and division in the United States; they leave no room for consideration of those actually affected—directly and indirectly—by the controversies and events giving rise to a case. Thus, the district court committed a clear abuse of discretion.[8] Moreover, the facts do not favor the logic presented. The record indicates that the Volkswagen Golf was purchased from a location in the Dallas Division, and that Marshall, Texas, has no Volkswagen dealership. But again, the larger point is the one we emphasize: that a product is available within a given jurisdiction is insufficient to neutralize the legitimate local interest in adjudicating local disputes.

## IV.

Having considered each of the relevant private and public interest factors, we hold that, under a proper application of these factors, no relevant factor favors the Singletons' chosen forum. Further, and for the reasons given above, we hold that the district court abused its discretion by failing to order transfer of this case. The petition for mandamus is GRANTED and the case is REMANDED with instructions that it be transferred to the Northern District of Texas, Dallas Division.

---

[8] In re Volkswagen I spoke directly to this in finding abuse of discretion and granting mandamus against a refusal to transfer venue: "Plaintiffs have failed to demonstrate and the Eastern District Court has failed to explain how the citizens of the Eastern District of Texas, where there is no factual connection with the events of this case, have more of a localized interest in adjudicating this proceeding than the citizens of the [transferee district], where the accident occurred and where the entirety of the witnesses for the third-party complaint can be located. Arguably, if Plaintiffs had alleged that the Volkswagen vehicle was purchased from a Volkswagen dealer in Marshall, Texas, the people of that community might have had some relation, although attenuated, to this litigation; but as it stands, there is absolutely nothing in this record to indicate that the people of Marshall, or even of the Eastern District of Texas, have any meaningful connection or relationship with the circumstances of these claims." 371 F.3d at 206 (emphasis added).

PETITION FOR MANDAMUS GRANTED
and CASE REMANDED WITH INSTRUCTIONS.