Nina **BASCOM, Individually and as Independent Administrator of the Estate of Raymond Bascom and as Representative of the Wrongful Death Beneficiaries Thomas Bascom, Lindsay Bascom, and Dolores Edwina Bascom, Plaintiff,**

v.

**MAXIM INTEGRATED PRODUCTS, INC., and H & R Systems, Defendants.**

No. A–07–CA–947–SS.

United States District Court, W.D. Texas, Austin Division.

Feb. 13, 2008.

----

Chris Portner, J. Trenton Bond, Reaud, Morgan & Quinn, LLP, Beaumont, TX, for Plaintiff.

Clayton E. Bailey, Maricela B. Siewczynski, Baker & McKenzie, LLP, Dallas, TX, for Defendants.

### ORDER

SAM SPARKS, District Judge.

BE IT REMEMBERED on the *13th* day of February 2008, the Court reviewed the file in the above-styled cause, and specifically Defendant Maxim Integrated Products, Inc.'s ("Maxim") Opposed Motion to Transfer Venue [# 16], Plaintiffs' Response [# 17], and Defendant Maxim's Reply thereto [# 18]. After considering the motion, the response, the reply, the relevant law, and the case file as a whole, the Court enters the following opinion and order.

### Background

This is a negligence/wrongful death action. Plaintiffs Nina Bascom, individually, as independent administrator of the estate of Raymond Bascom, and as representa-

tive of the wrongful death beneficiaries, Thomas Bascom, and Lindsay Bascom, sued Defendants Maxim Integrated Products, Inc. and H & R Systems for allegedly committing several acts of negligence which resulted in Raymond Bascom's death on April 5, 2006. On January 30, 2008, Defendant Maxim filed a motion to transfer venue from the Austin Division of the Western District of Texas to the San Antonio Division pursuant to 28 U.S.C. § 1404.[1]

### Analysis

#### I. Transfer of Venue Standard

The Defendant moves to transfer the case for the convenience of parties and witnesses and in the interest of justice under 28 U.S.C. § 1404. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or *division* where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945(1964)). The Court must consider whether transfer is convenient and in the interests of justice pursuant to Section 1404(a). Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of proving a transfer of venue Would be "clearly" more convenient for the parties and witnesses and would be in the interest of justice. *See In re Volkswagen of Am. Inc.*, 506 F.3d 376, 384 (5th

----

1. Defendant H & R Systems has not been served nor made an appearance in this suit, yet it has indicated that it is not opposed to the transfer.

Cir.2007); *Schexnider v. McDermott Int'l, Inc.,* 817 F.2d 1159, 1163 (5th Cir.1987) ("[t]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."). "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Volkswagen,* 506 F.3d at 384.

■ The preliminary question in a change of venue motion is "whether the suit could have been filed originally in the destination venue." *Id.* at 380. The Plaintiffs have not contested that the suit could have been filed originally in the San Antonio Division of the Western District of Texas.

■ After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[2] *Volkswagen,* 506 F.3d at 380 (internal citations omitted). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

Recently, the Fifth Circuit in *In re Volkswagen* considered the proper standard for transfer of venue. 506 F.3d 376 (5th Cir. Oct.24, 2007). In *Volkswagen,* the district court denied the defendants' motion to transfer venue from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas. *Id.* at 379. The defendants asserted transfer should be granted because: 1) the car was purchased in Dallas County; 2) the accident occurred in Dallas; 3) Dallas residents witnessed the accident; 4) Dallas police and paramedics were involved; 5) the autopsy was performed by a Dallas doctor; 6) the third-party defendant lived in Dallas; 7) none of the parties or witnesses lived in the Marshall Division; and 8) none of the events occurred in the Marshall Division. *Id.* at 378–79. The Fifth Circuit recognized a history of conflicting precedent with regard to the proper deference to be given to a plaintiff's choice of forum. *Id.* at 381–84. The Court rejected the standard that the moving party must show that convenience and justice "substantially" favor transfer, instead holding that "a party seeking transfer 'must show good cause'" and therefore transfer must be granted "[w]hen the transferee forum is clearly more convenient." *Id.* at 382, 384.

## II. The San Antonio Division is Clearly More Convenient than the Austin Division

The Defendant has met its burden and shown venue in the San Antonio Division to be clearly more convenient for the parties and witnesses than venue in the Austin Division. The event Complained of occurred in San Antonio and Was responded to by persons currently living in San

---

**2.** The Fifth Circuit has stated the location of counsel is irrelevant to the venue analysis and an improper factor for courts to consider. *In* *re Horseshoe Entm't,* 337 F.3d 429, 434 (5th Cir.2003).

Antonio. While the Defendant provides substantial evidence as to why San Antonio is the more convenient forum, the Plaintiffs fail to provide any credible reason why Austin would be more convenient, instead essentially arguing that Austin is not that inconvenient because the two are only 80 miles apart.

### a. Private Interest Factors

Convenience for the witnesses has been recognized as "the most important factor under § 1404(a)." *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 790 (S.D.Tex.2005). Significantly, "it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *State Street Capital Corp. v. Dente*, 855 F.Supp. 192, 198 (S.D.Tex.1994). The Defendant identifies several non-party witnesses located in San Antonio who may be called to testify: the paramedics who responded to the accident, the hospital treating physicians, and the medical air transport employees. Def's Mot. to Trans. Ventle at 5. Additionally, all of the party witnesses are also located in San Antonio, including the Plaintiffs. *Id.* at 6. The Plaintiffs fail to identify a single potential witness located in Austin. Instead, Plaintiffs argue Austin is a convenient location because Maxim maintains an office and its registered agent for service of process in Austin and because, with Austin and San Antonio separated by only 80 miles, requiring the witnesses to travel to Austin from San Antonio in order to testify would not be an inconvenience. Pl's Resp. at 3. The Plaintiffs fail to explain how any of Maxim's Austin employees are relevant to what occurred in San Antonio or what evidence or testimony Maxim's registered agent for service would provide. While the Court agrees that the geographic distance between the two divisions is not insurmountable, the inconvenience can be substantial given the congested nature of Interstate 35 and the number of non-party witnesses who may be called to testify and therefore inconvenienced. Regardless, the standard as articulated most recently by the Fifth Circuit in *In re Volkswagen* requires the moving party to show the desired venue to be "clearly" more convenient. 506 F.3d at 384. It does not require the level of convenience in the desired venue to be substantially greater than in the original venue, just clearly more convenient. In this case, the difference for the witnesses, both party and non-party, would be substantial and therefore weighs heavily in favor of transfer.

The only other private interest at issue is the relative ease of access to sources of proof. As both parties indicate, recent technological developments have made remote access to many sources of proof much less inconvenient. Def's Mot. to Trans. Venue at 4; Pl's Resp. at 3. Certainly all records kept electronically by the Defendant could be easily accessed in Austin. However, given that the accident occurred in San Antonio and the decedent was treated medically in San Antonio, there may be sources of proof more conveniently accessed in San Antonio than in Austin. Thus the relative ease of access to sources of proof consideration also weighs in favor of transfer, although less so than the convenience of the witnesses.

### b. Public Interest Factors

Maxim claims two public interest facts favor transfer: 1) court congestion and 2) the local interest in adjudicating local disputes. Def's Mot. to Trans. Venue at 7–9. The Plaintiffs fail to address the applicability of any of the public interest factors in their response. Defendant admits to having no information regarding the number of cases pending in each divi-

sion, but argues that because San Antonio has more district and magistrate judges, the case would move more expeditiously there than in Austin. *Id.* at 7–8. Simply because one division has more judges than another does not mean the division is less congested, thus this argument fails to provide any weight in favor of transfer.

 However, the Defendant's argument regarding the interest in local disputes being resolved locally carries significant weight in favor of transfer. The case involves an accident that occurred in San Antonio at a business that continues to operate in San Antonio. The person who was injured and subsequently died was a San Antonio resident. None of the operative facts occurred in Austin and the residents of the Austin Division have no particular local interest in the outcome of the case. Additionally, it would be unfair to burden Austin Division residents with jury duty in a case with which their community has no relation. *See Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963) ("Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation."). The Court thus finds that the local interest in adjudicating local disputes weighs heavily in favor of transfer to San Antonio.

### Conclusion

The party seeking a transfer bears the burden of showing "the transferee forum is clearly more convenient" than the forum chosen by the Plaintiff. *Volkswagen,* 506 F.3d at 384. The Defendant has met this burden and shown that the San Antonio Division of the Western District of Texas is clearly the more convenient forum for the parties and witnesses and in the interests of justice. The Court thus GRANTS the Defendant's motion to transfer venue.

In accordance with the foregoing:

IT IS ORDERED that the Defendant's Motion to Transfer Venue [# 16] is GRANTED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1404(a) this cause is TRANSFERRED to the United States District Court for the Western District of Texas, San Antonio Division.